Joseph MARTIN, Appellant

v.

RITE AID OF PENNSYLVANIA, INC. and North Broad Development Company, Appellees.

Superior Court of Pennsylvania.

Argued Sept. 17, 2013.
Filed Nov. 19, 2013.

Stephen A. Corbman, Philadelphia, for appellant.

Stephen J. Alexander, Philadelphia, for appellee.

BEFORE: BENDER, P.J., DONOHUE, J., and MUSMANNO, J.

OPINION BY BENDER, P.J.

Joseph Martin (Appellant) appeals from the order entered September 27, 2012, sustaining the preliminary objections of Rite Aid of Pennsylvania, Inc. (Rite Aid) and North Broad Development Company (NBDC) (collectively, Appellees) and dismissing Appellant's complaint with prejudice. We reverse.

On May 16, 2010, Appellant was a business invitee of a Rite Aid store located at 2131 N. Broad Street, Philadelphia, PA 19141.[1] NBDC owned the property and acted as landlord/lessor to Rite Aid. Appellant was on the premises to fill a prescription. When he attempted to leave, Appellant was robbed and assaulted by three males. Appellant sought help from security and other personnel employed on the premises, but his efforts were rebuffed.

Appellant filed a complaint on July 11, 2012, alleging negligence against Rite Aid and NBDC. He did not name his alleged assailants as defendants. Rite Aid and NBDC filed preliminary objections, asserting (1) failure to include the mandatory notice to defend, (2) failure to plead with sufficient specificity, and (3) failure to join indispensable parties. The trial court sustained those objections asserting that the three assailants were indispensable and dismissed Appellant's complaint with prejudice. The trial court did not rule on the remaining preliminary objections. Appellant timely appealed and compiled with Pa.R.A.P. 1925(b). The trial court issued an opinion.

The sole issue in this appeal is whether Appellant's assailants are indispensable to his claims against Rite Aid and NBDC. *See* Appellant's Brief, at 4.[2]

In reviewing a trial court's grant of preliminary objections, the standard of review is *de novo* and the scope of review is plenary. The salient facts are derived solely from the complaint and pursuant to that standard of review, the court accepts all well-pleaded material facts in the complaint, and all inferences reasonably deduced therefrom must be accepted as true.

*Keller v. Scranton City Treasurer*, 29 A.3d 436, 443 n. 12 (Pa.Cmwlth.2011) (internal citations omitted).

The parties agree that the inquiry into whether Appellant's assailants are indispensable to his claims against Rite Aid and NBDC must be analyzed within the framework set forth in *Mechanicsburg Area Sch. Dist. v. Kline*, 494 Pa. 476, 431 A.2d 953 (1981), which identified the following considerations:

1. Do absent parties have a right or an interest related to the claim?

2. If so, what is the nature of that right or interest?

3. Is that right or interest essential to the merits of the issue?

4. Can justice be afforded without violating the due process rights of absent parties?

*Id.* at 956.

Per *Mechanicsburg*, our first consideration must be whether the assailants

---

1. For purposes of this appeal and in light of the procedural posture of this case, we accept as true the pleadings set forth in Appellant's complaint.

2. Appellant also seeks to distinguish an "indispensable party" from a "necessary party." *Id.* However, Appellant did not raise this issue first with the trial court; thus, it is waived. Pa.R.C.P. 302(a). Absent waiver, we note further that the distinction did not form the basis of the trial court's ruling. To the extent Appellant suggests that the form of Appellees' objection was improper, we disagree. "Failure to join an indispensable party is an authorized preliminary objection under Pa. R.C.P. [] 1028(a)(5)." *Keller v. Scranton City Treasurer*, 29 A.3d 436, 441 n. 9 (Pa.Cmwlth. 2011).

have a right or interest related to Appellant's claims against Rite Aid or NBDC. *Id.* Appellees contend that the assailants' actions created the dangerous condition resulting in the injuries to Appellant and conclude that without them, there would have been no injury. According to Appellees, assailants' interest in Appellant's claims is their potential civil liability for Appellant's injuries. This argument is not persuasive, because it misconstrues Appellant's theory of liability. Appellant makes no claim against the assailants, and should he prevail, their assets are not subject to judgment.

 Appellant has alleged negligence against Rite Aid and NBDC for failing to maintain and operate safe premises for business patrons. As possessors of land who hold it open to the public, they owe a duty to any business invitee, including Appellant, to "take reasonable precaution against harmful third party conduct that might be reasonably anticipated." *Paliometros v. Loyola*, 932 A.2d 128, 133 (Pa.Super.2007) (quoting *Rabutino, Administratrix of the Estate of William Impagliazzo v. Freedom State Realty Co., Inc., et al.*, 809 A.2d 933, 939 (Pa.Super.2002) (internal citations omitted)); *see also Moran v. Valley Forge Drive-In Theater, Inc.*, 431 Pa. 432, 246 A.2d 875, 877–79 (1968) (adopting as Pennsylvania law innkeeper liability expressed in RESTATEMENT (SECOND) OF TORTS § 344 (1965)); *T.A. v. Allen*, 447 Pa.Super. 302, 669 A.2d 360, 363–64 (1995). Thus, the wrongful act contemplated by Appellant's allegation is not the assault on him but rather Appellees'

failure to take reasonable precautions to prevent it from occurring.

Our analysis need proceed no further. Under Appellant's theory of liability, we discern no right or interest attributable to the assailants relevant to his complaint.[3] Accordingly, we reverse the order of the trial court and remand for consideration of the remaining preliminary objections.

Order reversed. Case remanded. Jurisdiction relinquished.

---

**3.** Appellees further suggest that without the assailants' presence, a trial court would be unable to apportion liability, including entitlements to indemnification or contribution. If Appellees seek indemnity or contribution from the assailants, they are free to pursue such relief. *See, e.g., Mattia v. Sears, Roebuck & Co.*, 366 Pa.Super. 504, 531 A.2d 789, 791–92 (1987). However, we recognize that no liability could be apportioned to the alleged attackers since they cannot be liable as possessors of land, which is the basis for Appellant's theory of liability.