J-A30031-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JEREMIAH KAPLAN, | | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | | |
| v. | | |
| MORRIS J. KAPLAN, TIMONEY KNOX, LLP, JAMES M. JACQUETTE AND GEORGE RITER, | | |
| Appellees | | No. 1395 EDA 2014 |

Appeal from the Order Entered March 24, 2014
in the Court of Common Pleas of Philadelphia County
Civil Division at No.: October Term, 2013 No. 131000362

BEFORE: LAZARUS, J., MUNDY, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED MARCH 10, 2015**

Appellant, Jeremiah Kaplan, appeals from the order sustaining preliminary objections to subject matter jurisdiction and venue of Appellees, Morris J. Kaplan, Timoney Knox, LLP, James M. Jacquette, and George Riter, and transferring the matter to the Orphans' Court Division of Montgomery County, Pennsylvania.[1] Appellant argues jurisdiction and venue are proper in Philadelphia. After careful review, we affirm.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Appellees also raised preliminary objections based upon pendency of a prior action, insufficient claim specificity, and legal insufficiency, which the trial court did not address. (*See* Trial Court Opinion, 6/12/14, at 1 n.3).

The trial court summarized the factual and procedural history of this case as follows:

On October 8, 2013, [Appellant] filed suit against [Appellees] . . . assert[ing] that [Decedent] Bernard Kaplan's November 15, 2007 [w]ill and [l]iving [t]rust should be rescinded because each was procured through undue influence and fraudulent misrepresentation.

On January 21, 2014, [Appellee] Morris J. Kaplan filed preliminary objections[, to which the remaining Appellees joined.] . . . On March 20, 2014, the [trial c]ourt sustained [Appellees'] [p]reliminary [o]bjections to the [trial c]ourt's subject matter [jurisdiction] and venue. The complaint was transferred to the Montgomery County Orphan's Court for the disposition of the remaining preliminary objections.

Separately, on October 10, 2012, [Appellant] invoked the jurisdiction of the Orphan's Court Division of the Court of Common Pleas of Montgomery County by filing two [p]etitions concerning [Decedent's] November 15, 2007 [w]ill and [l]iving [t]rust. Appellant's [p]etitions named [Appellees] Morris Kaplan and James M. Jacquette as respondents. The first [p]etition was a citation to show cause why appeal from probate of [Decedent's] November 15, 2007 [w]ill should not be sustained. The second [p]etition was a citation to show cause why the November 15, 2007 [a]mendent and [r]estatement of [Decedent's] [l]iving [t]rust should not be rescinded. Discovery on these petitions proceeded for a year.

Decedent [], a Montgomery County resident, died on October 12, 2011. On October 19, 2011, the Montgomery County Register of Wills admitted [Decedent's] November 15, 2007 [will] to probate. The [l]etters [t]estamentary were issued to [Appellees] Morris J. Kaplan and [] Jacquette as co-[e]xecutors of the estate.

[Appellant] resides in Montgomery County, Pennsylvania. [Appellee] Morris J. Kaplan is the primary owner and operator of a nursing care facility in Montgomery County. [Appellees Jacquette] and Riter both reside in Montgomery County and provide legal services through their law firm, [Appellee] Timoney

- 2 -

Knox, LLP in Montgomery County. [Appellee] Timoney Knox, LLP, is a law firm located in Montgomery County.

(Trial Court Opinion, 6/12/14, at 1-3) (footnotes omitted).[2]

On March 24, 2014, the trial court sustained Appellees' preliminary objections. (**See** Order, 3/24/14, at 1). Appellant timely appealed on April 17, 2014.[3]

Appellant raises the following issues for our review:

I. Whether the [trial] court below erroneously concluded that [Appellant's] [c]ivil [c]omplaint seeks the [rescission] of a will and trust?

II. Whether the [t]rial [d]ivision has unlimited and exclusive jurisdiction to adjudicate the civil claim of tortious interference with testamentary expectation that is raised in the [c]omplaint?

III. Whether the [c]omplaint is properly venued in Philadelphia County?

(Appellant's Brief, at 3).

It is well-settled that:

In reviewing a trial court's grant of preliminary objections, the standard of review is *de novo* and the scope of review is plenary. The salient facts are derived solely from the complaint and pursuant to that standard of review, the court accepts all well-pleaded material facts in the complaint, and all inferences reasonably deduced therefrom must be accepted as true.

---

[2] We note that Appellant has failed to attach a copy of the Trial Court Opinion to his brief as required by Rule 2111(b). **See** Pa.R.A.P. 2111(b).

[3] The trial court did not order a statement of errors. **See** Pa.R.A.P. 1925(b). The court issued an opinion on June 12, 2014. **See** Pa.R.A.P. 1925(a).

*Martin v. Rite Aid of Pa., Inc.*, 80 A.3d 813, 814 (Pa. Super. 2013) (citation omitted).

In his first issue, Appellant claims that the trial court erred as a matter of law and abused its discretion in concluding that he seeks rescission of a will and trust. (*See* Appellant's Brief, at 9). Specifically, he argues that he "seeks damages as a result of [Appellees'] tortious interference with [his] testamentary expectation. . . . [and] does not seek to have the civil trial court attack any will, trust, decision, or proceeding of any Register of Wills or of any Orphans' Court." (*Id.*) (record citation omitted). This issue is waived.

> The argument portion of an appellate brief must include a pertinent discussion of the particular point raised along with discussion and citation of pertinent authorities. This Court will not consider the merits of an argument which fails to cite relevant case or statutory authority. Failure to cite relevant legal authority constitutes waiver of the claim on appeal.

*In re Estate of Whitley*, 50 A.3d 203, 209-10 (Pa. Super. 2012), *appeal denied*, 69 A.3d 603 (Pa. 2013) (citations and quotation marks omitted); *see also* Pa.R.A.P. 2119(a)-(b).

Here, Appellant has failed to cite to **any** legal authority to support his argument. (*See* Appellant's Brief, at 9). Accordingly, this issue is waived. *See In re Estate of Whitley*, *supra* at 209-10; *see also* Pa.R.A.P. 2119(a)-(b).

In his second issue, Appellant claims that "the Philadelphia County Civil Division has unlimited and exclusive jurisdiction of these claims."

(Appellant's Brief, at 10) (internal quotation marks omitted). Specifically, he asserts that "[n]o *in personam* claims have been raised against any individuals in the Orphans' Court and, therefore, [the Philadelphia County c]ivil [d]ivision has exclusive jurisdiction over the *in personam* claims raised in this civil action." (**Id.** at 11). We disagree.

> . . . [T]he question of subject matter jurisdiction may be raised at any time, by any party, or by the court *sua sponte.* Our standard of review is *de novo,* and our scope of review is plenary. Generally, subject matter jurisdiction has been defined as the court's power to hear cases of the class to which the case at issue belongs.

**In re Estate of Ciuccarelli**, 81 A.3d 953, 958 (Pa. Super. 2013) (citations and quotation marks omitted).

In this case, in support of his argument, Appellant relies on federal case law and looks to **Golden v. Golden**, 382 F.3d 348 (3d. Cir. 2004) and its finding that "Pennsylvania law permits actions for tortious interference with inheritance in the courts of general jurisdiction . . . ." (Appellant's Brief, at 10) (citation omitted). We are not persuaded by this argument.

"[I]t is well-settled that this Court is not bound by the decisions of federal courts, other than the United States Supreme Court . . . however, we may use them for guidance to the degree we find them useful and not incompatible with Pennsylvania law." **Eckman v. Erie Insurance Exchange**, 21 A.3d 1203, 1207 (Pa. Super. 2011) (citations omitted).

Although it is technically correct that a court of common pleas civil division has jurisdiction over a claim for tortious interference, **Golden** concedes that:

> . . . [A]ny cause of action for tortious interference of inheritance brought in Pennsylvania implicitly concedes that the testator's intent was, at some point in time, something other than what the Orphans' Court found it to be at the testator's death. . . . The tort claim, therefore, does posit that the distributive scheme that the Orphans' Court found to be in place at the time of the testator's death is different from the one the testator at some point intended.

> . . . The theory of the tort is that the will actually probated was valid and enforceable because it reflected testamentary intent at the time it was made, but that the alleged tortfeasor wrongly induced the testator to maintain that will.

**Golden**, **supra** at 364-65 (emphasis omitted).

Here, unlike in **Golden**, the record reflects that Appellant has initiated two challenges to the Decedent's November 15, 2007 will and living trust, which are pending in Montgomery County Orphans' Court. (**See** Preliminary Objections, 1/21/14, at Exhibits A and B; **see also** Appellant's Brief, at 5 (admitting pending challenge to testamentary documents)). Therefore, the court has not determined the Decedent's distributive scheme. **See Golden**, **supra** at 365.

Furthermore, "[p]ursuant to statute, the Orphans' Court Division has mandatory and exclusive jurisdiction over [t]he administration and distribution of the real and personal property of decedents' estates[,]" **Ciuccarelli**, **supra** at 958 (citing 20 Pa.C.S.A. § 711(1)), and non-

- 6 -

mandatory jurisdiction over "[t]he disposition of any case where there are substantial questions concerning matters enumerated in section 711[,]" 20 Pa.C.S.A. § 712(3).

Here, Appellant's complaint alleges that Appellees have tortuously interfered with his inheritance and seeks damages in the amount he would have received prior to their alleged conduct. (**See** Complaint, 12/30/13, at 29-35). Therefore, Appellant has raised substantial questions concerning matters that are pending in Orphans' Court. **See** 20 Pa.C.S.A. § 712(3). Accordingly, the trial court did not err in transferring the matter to the Orphans' Court Division of Montgomery County. **See Ciuccarelli**, **supra** at 958. Thus, Appellant's claim lacks merit.

In his final issue, Appellant claims that "venue is proper and appropriate in Philadelphia County." (Appellant's Brief, at 13). However, as discussed above, in light of our conclusion that jurisdiction is proper in Montgomery County, our analysis need proceed no further.

Accordingly, for the reasons discussed above, we affirm the trial court's granting of Appellees' preliminary objections as to subject matter jurisdiction and venue.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>3/10/2015</u>