J-A06004-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

JOSEPH MARTIN,

        Appellant

        v.

RITE AID OF PENNSYLVANIA, INC. AND
NORTH BROAD DEVELOPMENT
COMPANY,

        Appellees

IN THE SUPERIOR COURT OF
PENNSYLVANIA

No. 1447 EDA 2014

Appeal from the Order Entered April 1, 2014
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): May Term, 2012 No. 1367

BEFORE:  PANELLA, J., OTT, J., JENKINS, J.

MEMORANDUM BY PANELLA, J.                   **FILED MAY 11, 2015**

Appellant, Joseph Martin, appeals from the order dismissing his amended complaint with prejudice as untimely filed under Rule 1028(e) of the Pennsylvania Rules of Civil Procedure.  We reverse and remand.

On May 16, 2010, Martin went to a Rite Aid store located at 2131 N. Broad Street, Philadelphia. As he was leaving the premises, three males robbed and assaulted him. Martin sought help from security and other personnel employed on the premises, but his efforts were rebuffed.[1]  He filed a complaint on July 11, 2012, alleging negligence against Rite Aid and North Broad Development Corporation ("NBDC"), the corporation that owns and

---

[1] For purposes of this appeal and in light of the procedural posture of this case, we accept as true the pleadings set forth in Appellant's complaint.

leases the property to Rite Aid. Rite Aid and NBDC filed preliminary objections asserting, among other things, that Martin had failed to join his assailants as indispensable parties. The trial court sustained the objection, dismissed the complaint with prejudice, and ruled that the remainder of the preliminary objections were moot. Appellant appealed, and on November 19, 2013, this Court reversed and remanded for consideration of the remaining preliminary objections. *See Martin v. Rite Aid of Pennsylvania*, 80 A.3d 813, 814 (Pa. Super. 2013) (*Martin I*).

On December 9, 2013, the trial court issued an order granting Martin leave to file an amended complaint. Notice of the order was served on December 13, 2013. This Court returned the records to the lower court on January 9, 2014. Martin filed an amended complaint on January 21, 2014. Rite Aid and NBDC again filed preliminary objections, asserting, among other things, that the amended complaint had been filed 19 days late. The trial court agreed, dismissed the amended complaint with prejudice as untimely-filed under Pa.R.C.P. 1028(e),[2] and deemed the remaining preliminary objections moot. After the denial of his motion for reconsideration, Martin timely appealed.

_____

[2] Rule 1028(e) provides, in relevant part: "If the filing of an amendment, an amended pleading or a new pleading is allowed or required, it shall be filed within twenty days after notice of the order[.]"

- 2 -

Martin has raised two issues for our review: (1) whether the lower court had "subject matter jurisdiction on December 9, 2013, when the record was not returned by the Superior Court until January 9, 2014" and (2) whether the lower court's December 9, 2013, order is a nullity. Appellant's Brief at 5.

We review the trial court's grant of preliminary objections *de novo.* Our scope of review is plenary. **See Martin I**, 80 A.3d at 814.

Our Rules of Appellate Procedure provide, in relevant part:

**Rule 2591.   Proceedings on Remand.**

(a)   **General rule.** *On remand of the record* the court or other government unit below shall proceed in accordance with the judgment or other order of the appellate court and, except as otherwise provided in such order, Rule 1701(a) (effect of appeals generally) shall no longer be applicable to the matter.

Pa.R.A.P. 2591(a) (emphasis added).

Cases construing Rule 2591(a) have held that the trial court is without jurisdiction to enter an order prior to the remand of the record; an order so entered is a legal nullity.  **See**, **e.g.**, **Commonwealth v. Salley**, 957 A.2d 320, 323 (Pa. Super. 2008)*; **Stanton v. Lackawanna Energy, Ltd.**, 915 A.2d 668, 672-673 (Pa. Super. 2007); **Bell v. Kater***, 839 A.2d 356, 358 (Pa. Super. 2003); **Commonwealth v. Bishop**, 829 A.2d 1170, 1172 (Pa. Super. 2003); **Commonwealth v. Bond**, 504 A.2d 869, 879 (Pa. Super. 1986) (Spaeth, P.J., concurring).  **See also** 20 G. Ronald Darlington, et al., Pennsylvania Appellate Practice § 2591:1 (2013-2014 ed.) ("The trial court

or other government unit may not proceed in the matter before the record has been remanded if the appellate court has remanded the matter.") (footnote omitted).

Here, pursuant to Pa.R.A.P. 2591(a) and precedential case law and a leading treatise, the trial court was not re-vested with jurisdiction until January 9, 2014—the day the lower court received the record from this Court. Because the trial court did not receive the record until that day, it lacked jurisdiction to enter its order of December 9, 2013. That order is, thus, a legal nullity. As a result, the trial court's April 1, 2014 order dismissing the complaint is likewise a legal nullity. Accordingly, we reverse the April 1, 2014 order and remand for the trial court to enter an order in accordance with our November 19, 2013 opinion.

Order reversed. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/11/2015

- 4 -