J-S05026-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN RE: TODD (HYUNG-RAE) TARSELLI<br><br>Appellant | IN THE SUPERIOR COURT OF PENNSYLVANIA<br><br><br><br><br>No. 930 MDA 2016 |

Appeal from the Order Entered May 4, 2016
In the Court of Common Pleas of Luzerne County
Orphans' Court at No(s): 4990

BEFORE: BENDER, P.J.E., PANELLA, J., and PLATT[*], J.

MEMORANDUM BY PANELLA, J.        **FILED FEBRUARY 17, 2017**

Appellant, Todd (Hyung-Rae) Tarselli, appeals from the order entered in the Luzerne County Court of Common Pleas denying the petition to amend his birth certificate. Appellant contends that the court erred by finding that Appellant failed to present clear and convincing evidence of an incorrect date of birth. We conclude that the trial court lacked jurisdiction due to Appellant's failure to join an indispensable party. We affirm.

On October 7, 2015, Appellant filed a petition with the Luzerne County Orphans' Court to amend his birth certificate. Through his petition, Appellant averred that the date of birth listed on his birth certificate is incorrect and sought to change his birth year from 1973 to 1974. Appellant claimed that

_____

[*] Retired Senior Judge assigned to Superior Court.

he was born in Korea and taken to an orphanage at a young age and, therefore, does not have any original documentation of his birth. An American couple subsequently adopted Appellant, and the date of birth assigned to him as a "foundling" on his Korean birth certificate was transferred to his American birth certificate. However, Appellant claims that cultural differences between the Korean calculation of age and American calculation of age led to an inaccurate recordation of his actual birth year.

Following a hearing on April 12, 2016, the orphans' court denied Appellant's petition, citing Appellant's failure to provide clear and convincing evidence that his date of birth was incorrectly recorded, or conversely clear and convincing evidence of his correct date of birth. Appellant timely appealed.

On appeal, Appellant claims that the trial court erred in denying his petition because, contrary to the orphans' court's assertion, he did provide clear and convincing evidence that the date of birth listed on his birth certificate was incorrect. However, before we consider the merits of Appellant's substantive argument, we must first analyze whether the orphans' court had jurisdiction to entertain Appellant's petition. ***Cf***. ***Commonwealth v. Demora***, 149 A.3d 330 (Pa. Super. 2016).

We may raise the question of jurisdiction *sua sponte*. ***See Roman v. McGuire Mem'l***, 127 A.3d 26, 31 (Pa. Super. 2015), *appeal denied*, 134 A.3d 57 (Pa. 2016). "Under Pennsylvania law, the failure to join an

indispensable party implicates the trial court's subject jurisdiction." ***Orman v. Mortgage I.T.***, 118 A.3d 403, 406 (Pa. Super. 2015) (citation omitted).

An indispensable party is one whose "rights are so connected with the claims of the litigants that no decree can be made without impairing those rights." ***Sprauge v. Casey***, 550 A.2d 184, 189 (Pa. 1988) (citations omitted). Failing to join an indispensable party "renders any order or decree of court null and void for want of jurisdiction." ***CRY, Inc. v. Mill Service, Inc***., 640 A.2d 372, 375 (Pa. 1994) (citations omitted). ***See also*** 3 Standard Pennsylvania Practice 2d § 14:158. In evaluating whether a party is "indispensable," the following factors must be considered:

1. Do absent parties have a right or an interest related to the claim?
2. If so, what is the nature of that right or interest?
3. Is that right or interest essential to the merits of this issue?
4. Can justice be afforded without violating the due process rights of absent parties?

***Martin v. Rite Aid of Pennsylvania, Inc***., 80 A. 3d 813, 814 (Pa. Super. 2013) (citation omitted).

Here, Appellant failed to join the Pennsylvania State Department of Health as a party to his petition to amend his birth certificate. The Pennsylvania State Department of Health is statutorily mandated to install, maintain, and act as custodian for the statewide system of vital statistics files and records. ***See*** 35 P.S. § 450.201. As part of their responsibility to maintain vital statistics, the Pennsylvania State Department of Health completes and registers birth certificates for all children born in Pennsylvania

or born in another country when one parent is a citizen of the United States and a resident of Pennsylvania. **See** 35 P.S. §§ 450.401 -450.403.

Clearly, any action by an orphans' court to alter or amend a citizen of the Commonwealth of Pennsylvania's birth certificate would greatly affect the interest of the Pennsylvania State Department of Health. Additionally, because the Pennsylvania State Department of Health does not appear to have even been *notified* of these proceedings, they were unable to present any opinion on the manner in which the orphans' court should view Appellant's request.

Thus, we conclude that all four factors weigh in favor of considering the Pennsylvania State Department of Health an indispensable party to Appellant's petition. Appellant's failure to join the Pennsylvania State Department of Health resulted in a lack of subject matter jurisdiction and is, therefore, fatal to his petition. We affirm on this basis. **See Commonwealth v. Burns**, 988 A.2d 684, 690 n.6 (Pa. Super. 2009) ("[A]n appellate court may affirm the lower court on any basis, even one not considered or presented in the court below.")

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/17/2017