J. A30038/17

2019 PA Super 103

| | | |
|---|---|---|
| CLARENCE BELLIVEAU | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| R.A. PHILLIPS AND ELLA B. PHILLIPS, | : | |
| HUSBAND AND WIFE, DECEASED, | : | |
| UNKNOWN HEIRS OF R.A. PHILLIPS | : | |
| AND UNKNOWN HEIRS OF | : | |
| ELLA B. PHILLIPS | : | |
| | : | No. 894 WDA 2017 |
| APPEAL OF: WILLIAM FADELEY AND | : | |
| KATHLEEN FADELEY | : | |

Appeal from the Order, May 22, 2017,
in the Court of Common Pleas of Allegheny County
Civil Division at No. GD-16-021515

BEFORE: BOWES, J., STABILE, J., AND FORD ELLIOTT, P.J.E.

DISSENTING OPINION BY FORD ELLIOTT, P.J.E.:          FILED April 1, 2019

I respectfully dissent. Appellants did not have any right, title, nor any adverse possession interest in Lot 55, and therefore were not indispensable parties to the quiet title action. Appellee was directed to serve the record owner, the Phillips and their descendants, by publication and the posting of the property; a sheriff's return established that this was done. Appellants had an opportunity, after posting, to intervene, and they did not do so until after the quiet title order was entered. Although appellants claim that the property was not posted, the record establishes otherwise. Appellants only took action to protect whatever interest they thought they had after being notified by

appellee's counsel that they were trespassing by parking their vehicles on Lot 55.

Appellants' asserted claim to a part of Lot 55 is based on the theory that Lot 55 and their property, Lot 279, overlap. Appellants' remedy at this point is as suggested by the trial court to file an action in ejectment to determine the disputed boundary line as between the parties. The trial court's order to quiet title as against the world applies only to Lot 55. To the extent that appellants assert that appellee is encroaching on their rights regarding Lot 279, an ejectment action is the proper course.

The Majority determines that service should be defeated because appellants were in actual possession of the disputed boundary between Lot 55 and Lot 279 and appellee observed their parking of vehicles on the property. The Majority relies on Burns for support. I find Burns completely distinguishable factually, but supportive of a party's ability to bring an action to dispute a property line for their own property after a quiet title action is resolved. Ms. Burns established prior title to the disputed strip of land by adverse possession, and she therefore had superior title to the property. Neither party in Burns had record title to the disputed land prior to the Mitchells' quiet title action. Following the grant of quiet title of the disputed tract of land to the Mitchells, Ms. Burns brought an action to enjoin encroachment by the Mitchells to the property both claimed to own. While the service issue appears in Burns, in that the Mitchells did not personally

serve Ms. Burns, the facts are otherwise very different. Ms. Burns had been in actual possession of the disputed property for over 30 years, had placed a fence, and occupied to the fence line since 1937. This was supported by ample evidence. Ms. Burns acquired title to the disputed property long before the Mitchells filed the quiet title action to gain purported title to the additional strip of land adjacent to their property. They were well aware of the fence and Ms. Burns' occupation of the property. See Burns, 381 A.2d at 488-489. This type of possessory interest is very different from appellants' parking vehicles on Lot 55 so as to defeat service by publication and posting.

In conclusion, I would affirm the trial court. Appellants had no record right, title, or interest in Lot 55 and therefore were not indispensable parties. See Martin v. Rite Aid of Pennsylvania, Inc., 80 A.3d 813, 814 (Pa.Super. 2013) (holding that the following factors must be considered in determining whether a person is an indispensable party: (1) whether absent parties have a right or an interest to the claim; (2) if so, the nature of that right or interest; (3) whether that right or interest essential to the merits of the issue; and (4) whether justice can be afforded without violating the due process rights of the absent parties (citation omitted)). While appellees may have parked vehicles on the disputed boundary line, they were not in actual possession of Lot 55. To enforce their rights as to Lot 279, they may file an action in ejectment to determine the disputed property line.

Accordingly, I respectfully dissent.