J-A18011-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| DONALD JAMES WALKER AND ROSEANN WALKER, HIS WIFE | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MICHAEL J. MAFFEO, JR., KARA WALKER AND DONALD JOSEPH WALKER | : | No. 1478 WDA 2019 |
| | : | |
| APPEAL OF: MICHAEL J. MAFFEO, JR. | : | |

Appeal from the Order Entered September 12, 2019
In the Court of Common Pleas of Allegheny County Civil Division at
No(s): GD14-002883

BEFORE: BENDER, P.J.E., DUBOW, J., and NICHOLS, J.

MEMORANDUM BY BENDER, P.J.E.: FILED AUGUST 27, 2020

Michael J. Maffeo, Jr. ("Maffeo") appeals from the order dated September 11, 2019 and entered September 12, 2019, granting Donald James Walker and Roseann Walker's ("the Walkers") motion for sanctions, declaring the transfer of real property from Maffeo to Maffeo and his wife, Karen L. Maffeo ("Wife"), as tenants in the entireties null and void, and prohibiting any further transfer of said property to avoid collection of a judgment entered in the Court of Common Pleas of Allegheny County. The order further awarded attorneys' fees in the amount of $1,000.00 in favor of the Walkers. After careful review, we vacate the order and remand with instructions.

We previously summarized the facts of this matter during a prior appeal to this Court:

> Maffeo and his sister, Clara Urbanek ("Clara"), each inherited a one-half interest in their family home in Pittsburgh, Pennsylvania ("the Property"). The Property had an appraised value of $110,000. When Maffeo's daughter, Kara, became engaged to Donald Joseph Walker ("DJ"), he wanted to help them own a home. To that end, in April of 2008, Maffeo orchestrated an agreement of sale ("AOS") signed by Clara as the Seller, and himself, Kara, and DJ as the Buyers, whereby Kara and DJ would acquire title to the Property. The undated AOS—prepared by Maffeo's attorney—provided that DJ and Kara would obtain a mortgage, and if they defaulted, divorced, or did not marry, they would convey their joint one-half interest in the Property to Maffeo.

> DJ and Kara tried to secure a mortgage for the purchase of Clara's one-half interest in the Property for $55,000. When they could not obtain a mortgage, DJ and Kara approached DJ's parents, the Walkers, for the money. The Walkers agreed to pay the $55,000 for Clara's interest in the Property. In doing so, the Walkers were unaware of the AOS. They believed that DJ and Kara would obtain Clara's one-half interest in the Property and that Maffeo would give his one-half interest to Kara and DJ. Additionally, the Walkers expected that DJ and Kara would repay the $55,000 by obtaining a home equity loan during their first year of marriage.

> The Walkers obtained a home equity loan on April 22, 2008, and wrote a check to Clara for $55,000 on April 29, 2008. Maffeo took the check from the Walkers and gave it to Clara, who cashed the check on May 5, 2008. By deed dated September 9, 2008, Clara transferred her one-half interest in the Property to Maffeo, who then held full title. By deed dated March 3, 2009, Maffeo transferred title in the Property to himself (one-half interest) and DJ and Kara (one-half interest) as joint tenants. During their marriage, DJ and Kara lived in the Property and made four payments of $385 each to the Walkers; however, they did not obtain a home equity loan to repay the $55,000.

> DJ and Kara separated in August of 2010, with DJ leaving the Property. A divorce decree was entered on September 17,

2013. By deed dated February 28, 2014, DJ and Kara transferred their one-half interest in the Property to Maffeo, at which point Maffeo again held full title to the Property. Maffeo allowed Kara and her daughter to live in the Property rent-free.

Approximately one week before DJ and Kara conveyed their one-half interest in the Property to Maffeo in February of 2014, the Walkers filed a complaint in equity against Maffeo, Kara, and DJ, seeking an interest in the Property based on their payment of the purchase price for Clara's one-half interest. Additionally, the Walkers sought an injunction and consequential damages. The trial court appointed a special master who unsuccessfully mediated the case and prepared a report.

By stipulation of the parties, the trial court ordered the taking of depositions, which, along with the documents of record and the Walkers' proposed findings of facts and conclusions of law, it used to decide the case. Based on its independent review, the trial court agreed with the special master that the Walkers were entitled to a purchase money resulting trust, and it awarded them a one-half interest in the Property as joint tenants with Maffeo. The trial court directed Maffeo and the Walkers to:

> [E]xecute and file with the Allegheny County Department of Real Estate, a deed in a legally sufficient form to transfer fee simple title in the Property from [Maffeo to Maffeo and the Walkers], so that the Property is held as tenants in common with a one-half ownership interest in the Property to be held by [Maffeo] and … the other one-half ownership interest in the Property to be held by [the Walkers].

Maffeo filed a motion for post-trial relief, which the trial court denied. The trial court's [a]mended [o]rder was reduced to judgment on August 9, 2017. Maffeo appealed.

Walker v. Maffeo, 2018 WL 1835375 at *1-2 (Pa. Super. April 18, 2018)

(footnote and citations to record omitted).

On appeal, this Court determined that the trial court erred in finding that the Walkers were entitled to a resulting trust. See id. at *5. Nevertheless, we affirmed the trial court based on our conclusion that Maffeo was unjustly enriched by obtaining full ownership of the Property without any

consideration paid in the original transaction with his sister, Clara. Id. at *5-6 (citing *Lynn v. Nationwide Ins. Co.*, 70 A.3d 814, 823 (Pa. Super. 2013) (stating that this Court may affirm the trial court on any basis supported by the record)).[1] "[A]llowing Maffeo to accept the $55,000 and retain Clara's one-half interest in the Property without payment of that value to the Walkers would be unjust and unconscionable." Id. at *6 (citing *Gutteridge v. J3 Energy Group, Inc.*, 165 A.3d 908, 917 (Pa. Super. 2017) (en banc) ("To sustain a claim of unjust enrichment, a claimant must show that the party against whom recovery is sought either wrongfully secured or passively received a benefit that it would be unconscionable for her to retain.")). Thus, we concluded that Maffeo is liable to the Walkers for $55,000. Id. Accordingly, we vacated the judgment and remanded for the trial court to enter judgment in favor of the Walkers for $55,000, plus interest. Id.

_____

[1] Our determination of unjust enrichment was based on our reasonable inference from the record,

> that the Walkers expected their $55,00 payment would buy Clara's one-half interest in the Property for DJ and Kara. However, Maffeo unilaterally used the $55,000 from the Walkers to obtain Clara's one-half interest in the Property for himself. Maffeo then conveyed Clara's one-half interest to himself, DJ and Kara, as joint tenants, citing $55,000 as consideration. Upon DJ and Kara's divorce, Maffeo obtained full title to the Property. To the extent Maffeo argues that the Walkers must seek repayment from DJ and Kara, his position ignores a critical fact: Maffeo—not DJ and Kara—used the Walkers' $55,000 to obtain full title in his name.

Id. at *6 (citations to record omitted).

Maffeo filed a petition for allowance of appeal with the Pennsylvania Supreme Court, which was denied on January 3, 2019. The Walkers subsequently praeciped the Common Pleas Court of Allegheny County to enter judgment in accordance with this Court's April 18, 2018 decision. On March 29, 2019, a judgment was entered in favor of the Walkers and against Maffeo in the amount of $71,798.35, plus recording costs. Maffeo did not file an appeal from the judgment.

During their attempt to collect on the judgment, the Walkers discovered that Maffeo transferred his ownership of the Property, by deed dated March 4, 2015, to himself and Wife, as tenants in the entirety. The deed was not recorded until May 14, 2018, shortly after the entry of this Court's prior decision. On July 25, 2019, the Walkers filed a motion for sanctions with the trial court, alleging that the transfer of the Property constituted a fraudulent conveyance in violation of the Pennsylvania Uniform Fraudulent Transfer Act ("PUFTA"), 12 Pa.C.S. §§ 5101-5114,[2] and seeking to void the transfer. Maffeo filed a response to the Walkers' motion, and the trial court scheduled an argument for September 11, 2019.

The trial court opined:

During the pendency of the litigation and appeals, and knowing that he was likely obligated to pay [the Walkers] at least the $55,000[,] Maffeo transferred his title to the property, the very

_____

[2] See 12 Pa.C.S. § 5101 (Feb. 20, 2018) ("This chapter, that was formerly cited as the [PUFTA], shall be known and may be cited as the Pennsylvania Uniform Voidable Transactions Act."). For the purpose of consistency, we will continue to refer to the Act as the PUFTA herein.

subject of the litigation, to himself and … [W]ife, by deed dated May 4, 2015, and recorded it on May 14, 2018. This lawsuit was filed three (3) months prior to Maffeo's fraudulent transfer, and the recorded deed was less than a month after the Superior Court decision. Thus, Maffeo's transfer to … [W]ife was concealed from the [Walkers] and from this [c]ourt and [the] Appellate Courts throughout the litigation, with Maffeo's intent to make himself judgment proof against any collection taken by the Walkers.

Trial Court Opinion ("TCO"), 11/20/19, at 3.

Following the September 11, 2019 argument on the Walkers' motion, the trial court entered an order, which declared "the fraudulent transfer of the [P]roperty" from Maffeo to himself and Wife "null and void[,]" prohibited Maffeo "from further transfer of the … [P]roperty to avoid collection of the judgment[,]" and awarded the Walkers attorneys' fees in the amount of $1,000.00. See Trial Court Order, 9/11/19.

Maffeo filed a timely appeal on September 26, 2019, followed by a timely, court-ordered Pa.R.A.P. 1925(b) statement. Herein, Maffeo presents the following issues for our review:

> [I.] Did the lower court err in granting the [Walkers'] motion for sanctions[,] because after the lower court entered the judgment on March 29, 2019[,] as directed by the Superior Court of Pennsylvania, the lower court no longer had jurisdiction of this matter?
>
> [II.] Did the lower court err in granting the [Walkers'] motion for sanctions[,] because the matters complained of in the motion for sanctions raised allegations of an alleged fraudulent transfer under the [PUFTA,] which should have been raised in a separate civil action complaint alleging a violation of the [PUFTA]?
>
> [III.] Did the lower court err in awarding attorney[s'] fees in any amount and in an amount in excess of the fees requested by the [Walkers]?

Maffeo's Brief at 4 (unnecessary capitalization omitted).

- 6 -

Preliminarily, we address sua sponte the issue of whether the trial court lacked subject matter jurisdiction for failure to join Wife as an indispensable party. It is well-settled that:

> Under Pennsylvania law, the failure to join an indispensable party implicates the trial court's subject matter jurisdiction. Sabella v. Appalachian Dev. Corp., 103 A.3d 83, 90 (Pa. Super. 2014). "Failure to join an indispensable party goes absolutely to the court's jurisdiction and the issue should be raised sua sponte." Barren v. Dubas, … 441 A.2d 1315, 1316 ([Pa. Super.] 1982) (internal quotation marks and citations omitted).

Orman v. Mortgage I.T., 118 A.3d 403, 406 (Pa. Super. 2015).

> "A party is indispensable 'when his or her rights are so connected with the claims of the litigants that no decree can be made without impairing those rights.'" City of Phila. v. Commonwealth, … 838 A.2d 566, 581 ([Pa.] 2003), quoting Sprague v. Casey, … 550 A.2d 184, 189 ([Pa.] 1988). "If no redress is sought against a party, and its rights would not be prejudiced by any decision in the case, it is not indispensable with respect to the litigation." Grimme Combustion, Inc. v. Mergentime Corp., … 595 A.2d 77, 81 ([Pa. Super.] 1991), citing Sprague, supra. We have consistently held that a trial court must weigh the following considerations in determining if a party is indispensable to a particular litigation.
>
> 1. Do absent parties have a right or an interest related to the claim?
>
> 2. If so, what is the nature of that right or interest?
>
> 3. Is that right or interest essential to the merits of the issue?
>
> 4. Can justice be afforded without violating the due process rights of absent parties?
>
> Martin v. Rite Aid of Pa., Inc., 80 A.3d 813, 814 (Pa. Super. 2013); accord Mechanicsburg Area Sch. Dist. v. Kline, … 431 A.2d 953, 956 ([Pa.] 1981). "In determining whether a party is indispensable, the basic inquiry remains 'whether justice can be done in the absence of a third party.'" Pa. State Educ. Ass'n v.

> Commonwealth, … 50 A.3d 1263, 1277 ([Pa.] 2012), quoting
> CRY, Inc. v. Mill Serv., Inc., … 640 A.2d 372, 375 ([Pa.] 1994).

Id. at 406-07. We have previously held that "in actions intended to affect the title to property which is either held or claimed by tenants by the entireties, both spouses are indispensable parties and must be joined." Id. at 407.

Applying these principles to the case sub judice, it is undisputed that the deed, dated May 4, 2015 and recorded on May 14, 2018, was executed by Maffeo and Wife, as tenants by the entireties. As Wife's name is listed on the deed and the September 11, 2019 order declaring the deed null and void clearly affects her interest in the Property, we conclude that Wife is an indispensable party and should have been joined in the underlying matter. Accordingly, we discern that the trial court lacked subject matter jurisdiction over this matter.

Moreover, we note that the Walkers should have commenced a separate equitable action under the PUFTA to request that the alleged fraudulent conveyance be set aside.[3] See Garden State Standardbred Sales Co., Inc. v. Seese, 611 A.2d 1239, 1242 (Pa. Super. 1992) (citing Greater Valley Terminal Corporation v. Goodman, 202 A.2d 89, 93 (Pa. 1964) (holding that "supplementary proceedings may not be used to adjudicate conflicting rights or claims made in good faith to property in the possession of third persons, because it deprives defendants in such actions of the protection afforded by the safeguards of a full hearing")).

_____

[3] The PUFTA outlines remedies available to creditors. See 12 Pa.C.S. § 5107.

Based on the foregoing, we conclude the trial court lacked subject matter jurisdiction to enter an order declaring the transfer of the Property to Maffeo and Wife null and void. Accordingly, the trial court's September 11, 2019 order is vacated, and the case is remanded with instructions for the trial court to enter an order dismissing the Walkers' motion for sanctions without prejudice, consistent with this memorandum.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/27/2020