J-S18039-15

2015 PA Super 130

| | |
|---|---|
| LESLIE-EVE ORMAN | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| MORTGAGE I.T., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., CITIMORTGAGE, INC. | |
| Appellee | No. 2178 EDA 2014 |

Appeal from the Order Entered June 12, 2014
In the Court of Common Pleas of Chester County
Civil Division at No(s): 2012-04352

BEFORE: BENDER, P.J.E., ALLEN, J., and MUNDY, J.

OPINION BY MUNDY, J.: **FILED JUNE 02, 2015**

Appellant, Leslie-Eve Orman, appeals *pro se* from the June 12, 2014 order granting the motion for summary judgment and entering judgment in favor of Appellees, Mortgage I.T. (MortgageIt), Mortgage Electronic Registration Systems (MERS), and Citimortgage, Inc. (Citi). After careful review, we vacate and remand with instructions.

The trial court summarized the relevant factual and procedural background of this case as follows.

> This case involves a dispute over a residential mortgage. In [sic] actually began in January of 2011, when [Appellant] along with Thomas Orman filed *inter alia*, an Action to Quiet Title and reform the mortgage in the United States District Court for the Eastern District of Pennsylvania against … MortgageIt … and others. The substance of the

Federal suit was that [Appellant] wanted to have the mortgage removed as a lien on the title. The Defendants therein filed a Motion to Dismiss [Appellant]'s Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

The documents at issue in Federal Court were a loan and mortgage against [Appellant]'s home at 888 Woodlawn Ave., Phoenixville, PA 19460. MortgageIt was the original lender on the note (loan) and mortgage. MortgageIt subsequently transferred its interest in the note and mortgage to CitiMortgage. [Appellant] acknowledged the transfer when, in filing one of her Amended Complaints, she dropped MortgageIt as a defendant.

[Appellant] then began filing a series of Amended Complaints, Requests for Information, Qualified Written Requests all of which were responded to by [Citi]. On March 30, 2012, in a detailed Opinion, which reviewed all of the documents and allegations, [the District Court] granted Defendants['] Motion to dismiss. [Appellant did not file a notice of appeal with the Court of Appeals.]

…

On April 30, 2012, [Appellant] commenced the instant matter in the [trial court]. In her Original Complaint [Appellant] named MortgageIt as the only defendant. [Appellant] raised here all of the same substantive issues. Specifically, [Appellant] sought to reform the mortgage and note and to Quiet Title. MortgageIt filed an answer and [Citi] filed an Answer and New Matter as the successor to MortgageIt.

[Appellant obtained a default judgment on June 18, 2012. On August 9, 2012, MortgageIt filed a petition to open said default judgment. The trial

court entered an order granting MortgageIt's petition to open on October 2, 2012.[1]]

[Appellant] then began filing [a] Request for Admissions, [a] Request for Documents, Motions to Strike Answers, [a] Motion for Summary Judgment, [a] Cross Motion for Summary Judgment, [a] Motion to Amend First Amended Complaint, [a] Second Motion to Amend Complaint, [a] Motion for Interlocutory Summary Judgment, a Third Amended Complaint and various "Statements of Indisputable Facts". As to the various Amended Complaints, [Appellant] never sought leave of [the trial c]ourt nor the assent and acquiescence of any defendant. As a result the [trial c]ourt was unaware of the pendency of these filings. [Citi] filed answers to each of the above. [Citi] also filed a Motion for Summary Judgment.

Trial Court Opinion, 6/12/14, at 1-2.

On June 12, 2014, the trial court entered an order granting Citi's motion for summary judgment and entering judgment in favor of Appellees. The trial court concluded that Appellant failed to join an indispensable party, her husband Thomas Orman. **Id.** at 4. The trial court further concluded that Appellant's entire lawsuit is barred by the doctrine of res judicata. **Id.** On June 20, 2014, Appellant filed a motion for reconsideration, which the

_____

[1] We note that an order granting a petition to open or strike a judgment is not immediately appealable under Pennsylvania Rule of Appellate Procedure 311(a)(1), only an order denying such a petition will give rise to an interlocutory appeal of right. **See generally** Pa.R.A.P. 311(a)(1). Therefore, the instant appeal was Appellant's first opportunity to challenge the trial court's decision to open the default judgment.

trial court denied on June 26, 2014. On July 11, 2014, Appellant filed a timely notice of appeal.[2]

On appeal, Appellant raises the following ten issues for our review.

> 1) Was opening the default judgment appropriate?
>
> 2) Is Mr. Orman a necessary party to this case?
>
> 3) Was Summary Judgment proper?
>
> 4) Should amendment of the complaint been permitted?
>
> 5) Does using MERS in a Mortgage violate statutes of Pennsylvania?
>
> 6) Have successors defaulted on the mortgage?
>
> 7) Is the subject Mortgage recordable?
>
> 8) Do forged documents remain publicly recorded?
>
> 9) Is a Mortgage without recorded beneficiary abandoned?
>
> 10) Is THIS mortgage a nullity in the public records?

Appellant's Brief at 12-13.

We begin by addressing Appellant's second issue, as it is dispositive of this appeal. In her second issue, Appellant avers the trial court erred when

---

[2] Appellant and the trial court have timely complied with Pennsylvania Rule of Appellate Procedure 1925.

it held that her husband, Thomas Orman, was an indispensable party to the underlying action. *Id.* at 27.

Under Pennsylvania law, the failure to join an indispensable party implicates the trial court's subject matter jurisdiction. ***Sabella v. Appalachian Dev. Corp.***, 103 A.3d 83, 90 (Pa. Super. 2014). "Failure to join an indispensable party goes absolutely to the court's jurisdiction and the issue should be raised *sua sponte*." ***Barren v. Dubas***, 441 A.2d 1315, 1316 (Pa. Super. 1982) (internal quotation marks and citations omitted). This requirement is reflected in our Rules of Civil Procedure.

> **Rule 1032. Waiver of Defenses. Exceptions. Suggestion of Lack of Subject Matter Jurisdiction or Failure to Join Indispensable Party**
>
> (a) A party waives all defenses and objections which are not presented either by preliminary objection, answer or reply, except a defense which is not required to be pleaded under Rule 1030(b), the defense of failure to state a claim upon which relief can be granted, the defense of failure to join an indispensable party, the objection of failure to state a legal defense to a claim, the defenses of failure to exercise or exhaust a statutory remedy and an adequate remedy at law and any other nonwaivable defense or objection.
>
> *…*
>
> (b) Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter or that there has been a failure to join an indispensable party, the court shall order that the action be transferred to a court of the Commonwealth which has jurisdiction or that the

> indispensable party be joined, but if that is not possible, then it shall dismiss the action.

Pa.R.C.P. 1032; *see also id.* at 2227(a) (stating, "[p]ersons having only a joint interest in the subject matter of an action must be joined on the same side as plaintiffs or defendants[]"). Whether a court has subject matter jurisdiction presents a question of law, making our standard of review *de novo* and the scope of our review plenary. *Mazur v. Trinity Area Sch. Dist.*, 961 A.2d 96, 101 (Pa. 2008).

"[A] party is indispensable 'when his or her rights are so connected with the claims of the litigants that no decree can be made without impairing those rights.'" *City of Phila. v. Commonwealth*, 838 A.2d 566, 581 (Pa. 2003), *quoting* *Sprague v. Casey*, 550 A.2d 184, 189 (Pa. 1988). "If no redress is sought against a party, and its rights would not be prejudiced by any decision in the case, it is not indispensable with respect to the litigation." *Grimme Combustion, Inc. v. Mergantime Corp.*, 595 A.2d 77, 81 (Pa. Super. 1991), *citing* *Sprague*, *supra*. We have consistently held that a trial court must weigh the following considerations in determining if a party is indispensable to a particular litigation.

> 1. Do absent parties have a right or an interest related to the claim?
>
> 2. If so, what is the nature of that right or interest?
>
> 3. Is that right or interest essential to the merits of the issue?

4. Can justice be afforded without violating the due process rights of absent parties?

***Martin v. Rite Aid of Pa., Inc.***, 80 A.3d 813, 814 (Pa. Super. 2013); *accord* ***Mechanicsburg Area Sch. Dist. v. Kline***, 431 A.2d 953, 956 (Pa. 1981). "In determining whether a party is indispensable, the basic inquiry remains 'whether justice can be done in the absence of a third party.'" ***Pa. State Educ. Ass'n v. Commonwealth***, 50 A.3d 1263, 1277 (Pa. 2012), *quoting* ***CRY, Inc. v. Mill Serv., Inc.***, 640 A.2d 372, 375 (Pa. 1994).

This Court has held that in a quiet title action, all parties who claimed title to the property at issue must be joined as indispensable parties. ***Hartzfeld v. Green Glen Corp.***, 552 A.2d 306, 310 (Pa. Super. 1989). More specifically, this Court has held that "in actions intended to affect the title to property which is either held or claimed by tenants by the entireties, both spouses are indispensable parties and must be joined." ***Miller v. Benjamin Coal Co.***, 625 A.2d 66, 68 (Pa. Super. 1993), *appeal denied*, 641 A.2d 311 (Pa. 1994). We further elaborated on this principle as follows.

> A party was said to be indispensable, in ***Hartley v. Langkamp & Elder***, 90 A. 402 (Pa. 1914), "when he has such an interest that a final decree cannot be made without affecting it, or leaving the controversy in such a condition that the final determination may be wholly inconsistent with equity and good conscience…. Thus where the object of a bill is to divest a title to property, the presence of those holding or claiming such title is indispensable." ***Id.*** at 403-404.

*Miller v. Benjamin Coal Co.*, 625 A.2d 66, 67-68 (Pa. Super. 1993), *appeal denied*, 641 A.2d 311 (Pa. 1994) (parallel citations omitted).

Applying these principles to the case *sub judice*, it is undisputed that Thomas Orman signed the mortgage in question for the subject property. Appellant's Complaint, 4/27/12, at Exhibit A at 3, Exhibit B at 15. As he is listed on the disputed mortgage, the trial court correctly concluded that he is an indispensable party to the action. Trial Court Opinion, 6/12/14, at 4. Despite determining that Thomas Orman was an indispensable party, the trial court's June 12, 2014 order nevertheless granted judgment in favor of all defendants, which, similar to the default judgment entered on June 18, 2012 in Appellant's favor, is an adjudication on the merits. Trial Court Order, 6/12/14, at 1. This was in error. *See Gaynor v. Gyuris*, 707 A.2d 534, 535 n.1. (Pa. Super. 1998) (noting the trial court correctly conceded that after concluding an indispensable party was not joined, "rather than entering judgment, it should have, pursuant to Pa.R.C.P. 1032(b), dismissed Appellant's action[]"), *appeal denied*, 727 A.2d 131 (Pa. 1998).

Thomas Orman is, and always has been, an indispensable party in this case. Therefore, the trial court lacked subject matter jurisdiction to enter judgment in favor or against any party when it entered its June 12, 2014 order granting summary judgment. By logical extension, the trial court was also without subject matter jurisdiction to grant Appellant's default judgment and then open the same. The proper remedy was always to dismiss

Appellant's August 7, 2013 complaint without prejudice, rather than enter any form of judgment. **See Gaynor**, **supra**; **Hartzfeld**, **supra**.

Based on the foregoing, we conclude the trial court correctly determined that Thomas Orman is an indispensable party to the instant action. However, we also conclude that the trial court lacked jurisdiction to enter judgment in favor of any party.[3] Accordingly, the trial court's June 18, 2012 judgment and its October 2, 2012 and June 12, 2014 orders are vacated, and the case is remanded with instructions for the trial court to enter an order dismissing Appellant's complaint without prejudice, consistent with this opinion.

Judgment and orders vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/2/2015

---

[3] In light of this conclusion, we express no opinion on the *res judicata* analysis conducted by the trial court. Furthermore, we need not address Appellant's remaining issues on appeal.