J-S09001-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JOANNE F. MAHONSKI, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| CAROLINE ENGEL, | : | |
| | : | |
| Appellee | : | No. 939 MDA 2017 |

Appeal from the Order Entered May 17, 2017
in the Court of Common Pleas of Lycoming County
Civil Division at No.:  11-01458
12-01, 292

BEFORE:   GANTMAN, P.J., McLAUGHLIN, J., and PLATT*, J.

JUDGMENT ORDER BY PLATT, J.:                    **FILED MAY 22, 2018**

In consolidated appeals, Appellants seek to overturn a **1990** family real estate transaction chiefly on grounds, first raised only in 2017, that the trial court lacked subject matter jurisdiction to adjudicate the cases.  This Court has already resolved the underlying issues in a previously published opinion.[1] Appellants challenge the order denying their petition to open or vacate, filed

---

[1] (**_See Mahonski v. Engel_**, 145 A.3d 175 (Pa. Super. 2016), _appeal denied,_ 168 A.3d 1277 (Pa. 2017)).   The Appellants include Joanne F. Mahonski, individually and as Executrix of the Estate of Francis J. Mahonski; Bernice Winder, individually and as Executrix of the Estate of Walter J. Winder; Diane K Masters, Administratrix of the Estate of Robert C. Mahonski, and Executrix of the Estate of Eleanor B. Mahonski; Leona A. Klementovich, Individually and as Administratrix of the Estate of Leo A. Klementovich; and Leo F. Klementovich.

---

\*   Retired Senior Judge assigned to the Superior Court.

**after** the denial of their petition for allowance of appeal. The trial court asks us to quash, and grant counsel fees and costs to Appellee.[2] Appellee does as well. We grant Appellee's request for counsel fees and costs, pursuant to Pa.R.A.P. 2744, and affirm the order of the trial court.

Appellants raise two issues on appeal:

> 1. Whether the judgments entered by the court in case 11-01,458 in respect to Count VIII (action to quiet title) and/or the ancillary action for declaratory relief are void for lack of subject matter jurisdiction, since all necessary parties were not joined in the litigation.[?]

> 2. Whether the verdict of the jury in case 12-01,292 is void because the court improperly delegated to the jury its duty to declare the rights of the parties, and/or because the jury's verdict was based in part upon a declaratory judgment of the court which was itself entered without subject matter jurisdiction, and/or because all necessary parties were not joined[?]

(Appellants' Brief, at 7).

Subject matter jurisdiction is a question of law. Our standard of review is *de novo* and our scope of review is plenary. *See Mazur v. Trinity Area School Dist.*, 961 A.2d 96, 101 (Pa. 2008). The failure to join an indispensable party to a lawsuit deprives the court of subject matter jurisdiction. *See Orman v. Mortgage I.T.*, 118 A.3d 403, 406-07 (Pa. Super. 2015).

However, here, on independent review, we conclude that Appellants have failed to meet their burden to establish that there was a failure to join

_____

[2] (*See* Statement in Lieu of Opinion, 10/24/17, at 2).

an indispensable party. *See id.* Accordingly, we affirm the trial court's order, and grant Appellee's request for counsel fees and costs, for a total of $4,416.94.

Order affirmed. Counsel fees and costs to Appellee.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/22/2018