J-S43010-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| RENEE LYNN FAZEKAS | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| TUAN-ANH L. UNG, M.D. | |
| Appellee | No. 1548 WDA 2017 |

Appeal from the Judgment Entered October 31, 2017
In the Court of Common Pleas of Washington County
Civil Division at No: 2012-3631

BEFORE: STABILE, DUBOW, and NICHOLS, JJ.

MEMORANDUM BY STABILE, J.:                    FILED NOVEMBER 30, 2018

Nominal Appellant, Plaintiff Renee Lynn Fazekas, appeals the judgment in favor of Appellee, Defendant Tuan-Anh L. Ung and the imposition of sanctions on George Chada, Appellant's former attorney, for $114,502.02 pursuant to Rule 1049.2 of the Pennsylvania Rules of Civil Procedure. We affirm.

The record reflects that Appellant delivered a child by Cesarean section at Washington Hospital on June 4, 2010. Within a few days of delivery, she experienced complications with her incision and went to the Monongahela Valley Hospital emergency room where she was treated by Appellee Dr. Tuan-Anh L. Ung. Several days after visiting the Monongahela Valley ER, she learned her incision was infected with clostridium difficile ("C-diff"). On May 30, 2012, Appellant filed a writ of summons naming Washington Hospital,

Monongahela Valley Hospital, Dr. Ung, and two doctors who delivered her baby as defendants. She filed a medical malpractice complaint on July 30, 2012 alleging the C-diff resulted from exposure at the Monongahela Valley ER.

On August 30, 2012, Appellant's original attorney filed a motion in which he (1) sought permission to withdraw due to ill health; (2) stated that he had been unable to obtain a certificate of merit ("COM") pursuant to Pa.R.C.P. No. 1042.3;[1] and (3) and requested an extension of time for Appellant to file a certificate of merit. The trial court entered an order the same day permitting Appellant's attorney to withdraw and granting Appellant an additional thirty days to file her COM. Appellant failed to meet the extended COM deadline,

_____

[1] Rule 1042.3 provides in pertinent part:

> (a) In any action based upon an allegation that a licensed professional deviated from an acceptable professional standard, the attorney for the plaintiff, or the plaintiff if not represented, shall file with the complaint or within sixty days after the filing of the complaint, a certificate of merit signed by the attorney or party that either
>
> (1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm, or

Pa.R.C.P. No. 1042.3(a)(1).

and on October 2, 2012, Appellee filed a notice of intent to enter a judgment of non pros, pursuant to Pa.R.C.P. No. 1042.6.[2]

On October 30, 2012, Chada entered his appearance for Appellant and filed a COM as to Appellee.[3] Chada subsequently withdrew his appearance and on September 26, 2013, the law firm Phillips and Faldowski, P.C., entered its appearance for Appellant in September of 2013. Prior to the Phillips firm's entry of appearance, on September 18, 2013, Attorney William D. Phillips procured a written report from Dr. Leo Frangipane, and Phillips filed a new COM based on Dr. Frangipane's report after the Phillips firm's entry of appearance.

The case proceeded through two unsuccessful mediations, after which the trial court scheduled a jury trial for February of 2017. In November of 2016, the Phillips firm moved to withdraw its appearance on behalf of Appellant, citing irreconcilable differences and eventual loss of contact with Appellant. The trial court granted the motion and gave Appellant 40 days to procure new counsel. Appellant never procured new counsel and failed to appear at any subsequent court proceedings. On January 12, 2017, Appellee petitioned for a rule to show cause why a judgment of non pros should not be entered against Appellant. Subsequently, on May 3, 2017, Appellee moved

_____

[2] Rule 1042.6 permits a defendant to seek entry of judgment non pros where the plaintiff fails to file a COM. Pa.R.C.P. No. 1042.6.

[3] Appellant eventually stipulated to the dismissal of all other defendants.

for Rule 1042.9 sanctions against Chada after Chada failed to produce documentation to support his October 30, 2012 COM. Rule 1042.9 provides:

(a) If a plaintiff has filed a certificate of merit as to a particular defendant and that defendant is dismissed from the case through voluntary dismissal, verdict or order of court, the plaintiff, within thirty days of the written request of that defendant, shall provide him or her with the written statement obtained from the licensed professional upon which the certificate of merit as to that defendant was based. If a plaintiff's claims against other licensed professionals are still pending, the written statement shall be produced within thirty days of resolution of all claims against the other licensed professionals.

(b) A court may impose appropriate sanctions, including sanctions provided for in Rule 1023.4, if the court determines that an attorney violated Rule 1042.3(a)(1) and (2) by improperly certifying that an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge experienced or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm.

Pa.R.C.P. No. 1042.9.

The trial court permitted Chada time to search his own files and to take a deposition of Attorney Phillips. Chada was unable to locate any written statement from a licensed professional supporting his October 30, 2012 COM. Phillips testified that, when he took over the case, he vaguely recalled seeing a report in support of Chada's COM:

Q. Could you please describe for the Court what you recall from that underlying report that supported the certificate of merit?

A. There was a letter that I saw that had about maybe a three-sentence, four-sentence paragraph from a physician

someplace in Pittsburgh who I believe was a surgeon whose name I cannot remember, but it was either Indian or Southeast Asian.

And this person wrote in this letter, as I remember, I believe he said that he currently treated [Appellant] and that he was aware of the problems with her, I guess her surgical wound opened after a C-section, and she got septic, as I recall.

This may not be in exact sequence, but this is what I read, that he was familiar with the records from Mon Valley Hospital and [Appellant's] ob-gyn, and that in his view the treatment she received at Mon Valley Hospital emergency room, and I don't remember what date it was, was beneath the standard of care, along with that of her subsequent treatment by her ob-gyn and caused her injury.

Q.    As you interpreted that, that was the underlying opinion that supported the claim against [Appellee]?

A.    As far as I could see, yes.

Q.    In your opinion was that certificate of merit sufficient to support the claim against [Appellee]?

[...]

Q.    You can answer the question.

A.    I believe it was.

N.T. Deposition, 7/18/17, at 7-8.

On further questioning, Phillips stated that the document supporting Chada's October 30, 2012 COM "didn't meet what I would like, okay, but that doesn't mean it didn't meet the standard. That's all I can tell you." Id. at 16. Phillips could not recall many details of the letter, including the date, whether it was signed, the experience or education of the physician who wrote it, or the status of the physician's license. Id. at 17-20. Phillips never attempted

to contact the physician.  Id. at 20.  Phillips was unable to locate a copy of the letter.  Id. at 21.

Explaining his decision to procure another written statement, Phillips stated:

> The best way I could tell you is this in my judgment was enough to initiate this case by somebody else, but it wasn't enough for me to proceed with it without getting this exhibit, this letter from Dr. Frangipane.  That's the only way I can express that.  You couldn't take the case to the jury with that.  In terms of if you got to a pretrial conference, you'd need more.  And that's why I got more.
>
> But in my view of this, there's a bit of a difference between using a report to issue a writ and filing it in a pretrial statement.

Id. at 23.

Chada was never able to locate the short statement that potentially supported Chada's COM.  Thus, Chada failed to comply with Rule 1042.9 and the trial court sanctioned him as set forth above.  On October 31, 2017, the trial court entered judgment in favor of Appellee and against Chada for the aforementioned amount of sanctions.[4]

On appeal, Appellant does not challenge the award of sanctions on its merits, nor does Appellant challenge the amount.  The only assertion of error is that the trial court lacked jurisdiction to order sanctions because Appellee

---

[4]  The trial court entered its sanctions order on September 21, 2017.  This appeal was filed on October 20, 2017, prior to entry of judgment.  We will treat the appeal as arising from the October 31, 2017 judgment, which incorporated the judgment non pros in favor of Appellee as well as the trial court's September 21, 2017 sanctions order.

failed to join Phillips, an indispensable party. In the argument section of the brief, spanning roughly two full pages, Appellant claims Phillips should have been joined as an indispensable party to the sanction proceeding because Phillips is liable for having lost the written statement supporting Chada's COM, and because Chada now has the right to pursue a negligence cause of action against Phillips. See Appellant's Brief at 7.

"Under Pennsylvania law, the failure to join an indispensable party implicates the trial court's subject matter jurisdiction. Orman v. Mortg. I.T., 118 A.3d 403, 406 (Pa. Super. 2015) (citing Pa.R.C.P. No. 1032). "Whether a court has subject matter jurisdiction presents a question of law, making our standard of review de novo and the scope of our review plenary. Id.

> [A] party is indispensable when his or her rights are so connected with the claims of the litigants that no decree can be made without impairing those rights. If no redress is sought against a party, and its rights would not be prejudiced by any decision in the case, it is not indispensable with respect to the litigation. We have consistently held that a trial court must weigh the following considerations in determining if a party is indispensable to a particular litigation.
>
> 1. Do absent parties have a right or an interest related to the claim?
>
> 2. If so, what is the nature of that right or interest?
>
> 3. Is that right or interest essential to the merits of the issue?
>
> 4. Can justice be afforded without violating the due process rights of absent parties?

Id. at 406–07 (internal citations and quotation marks omitted).

Application of the foregoing legal principles is very straightforward. Assuming without deciding that indispensable party analysis applies to a sanctions proceeding (Chada is not a party to this action and Appellant's brief does not explain how Phillips could have been joined), Phillips was not indispensable because Appellee sought no redress against him. Phillips was able to produce Dr. Frangipane's detailed written statement in support of the COM he filed, and therefore Appellee sought no sanctions against Phillips. Phillips had no discernable right or interest related to Appellee's motion for sanctions against Chada, let alone an essential one. Likewise, the award of sanctions against Chada had no discernible effect on any of Phillips' due process rights.

Concerning Chada's contention that he has a negligence cause of action against Phillips (we express no opinion on the legal viability of that assertion), we observe that Rule 1042.9 charges the attorney who filed the COM to produce supporting documentation. Phillips' temporary possession of a letter supporting Chada's COM did not relieve Chada of his obligation comply with Rule 1049.2.

Because Appellant's sole argument lacks merit, we affirm the judgment.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/30/2018