J-S15022-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| JACQUELINE N. BUTKIEWICZ | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHRISTOPHER J. BUTKIEWICZ | : | No. 1304 WDA 2019 |

Appeal from the Order Entered August 7, 2019
In the Court of Common Pleas of Butler County Civil Division at No(s):
FC 16-90802-D

BEFORE:   BENDER, P.J.E., OLSON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY OLSON, J.:                              FILED APRIL 30, 2020

Appellant, Jacqueline N. Butkiewicz ("Wife"), appeals from the August 7, 2019 order dismissing her petition to enforce a marital settlement agreement ("MSA") for failure to join an indispensable party, Judy Hendricks ("Hendricks").   We affirm the trial court's ruling that Hendricks is an indispensable party, but vacate its dismissal and remand with instructions.

The facts and procedural history of this case are as follows.  The parties, Wife and Christopher Butkiewicz ("Husband"), married in 2004.  During the course of their marriage, the parties borrowed money from Hendricks, Wife's mother, to purchase their marital residence (hereinafter, the "Loan").

_____

[*] Former Justice specially assigned to the Superior Court.

The parties later separated and subsequently entered into a MSA on August 1, 2016. In paragraph four of the MSA, the parties agreed to repay the Loan. Specifically, paragraph four of the MSA states:

> The parties agree that they have a loan with [] Hendricks. Husband shall send to Wife $458.62 monthly for his share of this loan. Said payments shall be made no later than the 10th of each month. Wife shall then make a payment no later than the 15th of each month to [] Hendricks in the amount of $917.24 until said loan is paid in full, at which time Husband's obligation to send the monthly payment to Wife shall cease.

MSA, 8/1/16, at *3 (un-paginated).

Additionally, in paragraph 25 of the MSA, the parties agreed to "immediately list [the marital] residence for sale." Id. at *7 (un-paginated). The proceeds of the sale were to be distributed as provided in paragraph 26 of the MSA, which states:

> The parties agree that any proceeds from [the] sale shall be used to pay the following debts: [] Hendricks (window loan) and PNC Credit. Any proceeds remaining thereafter shall be split with Husband receiving $20,000[.00] and Wife receiving the remainder of the proceeds[.]

Id. at *7 (un-paginated). On May 25, 2017, the trial court entered a decree of divorce dissolving the matrimonial bond between Husband and Wife. The court also incorporated the MSA into the divorce decree. Thereafter, the parties sold the marital residence.

On August 20, 2018, Wife filed a petition for contempt and enforcement of the MSA. In her petition, Wife alleged that Husband violated paragraph four of the MSA because he did not make the requisite monthly payment to

- 2 -

Wife to repay the Loan. The trial court held a hearing on October 1, 2018, and granted Wife's petition on October 3, 2018. In its order, the trial court directed Husband to pay Wife "an additional $458.62 . . . each and every month" until the total arrears, $3,668.96, was paid in full. Trial Court Order, 10/3/18, at 1. This payment, per the court, "would be in addition to the $458.62 payment that [Husband] owe[d] [Wife] pursuant to paragraph [four] of the [MSA]." Id. Thus, pursuant to the court's order, Husband was required to pay Wife $917.24 a month until the total arrears was paid in full.

Husband filed a motion for reconsideration and special relief. In his motion, Husband asserted that he could not maintain the payment schedule as set forth in the trial court's October 3, 2018 order. As such, Husband requested that he be directed to pay only $658.62 a month "until the [total arrears] of $3,668.96 was paid in full." Husband's Motion for Reconsideration, 10/2018, at 2 (un-paginated). Husband also requested that Wife provide "fully executed copies of the written mortgage upon which [his] obligation is based within [ten] days of execution of an [o]rder stemming from the presentation of this [m]otion." Id.

The trial court granted Husband's request for reconsideration on October 30, 2018, and scheduled a hearing for January 7, 2019. After the hearing, the trial court ordered Husband to pay Wife $658.62 a month "until full payment of $3[,]668.96 [is] paid." Trial Court Order, 1/9/19, at 1.

Subsequently, Wife filed a second petition for contempt, alleging that Husband failed to comply with the trial court's January 9, 2019 order.

- 3 -

Specifically, Wife alleged that Husband failed to pay the arrearage payments in April and May 2019, and also did not make the April payment of $458.62 as required under the MSA. Thus, Wife requested the trial court to find Husband in contempt of its January 9, 2019 order, direct Husband to pay Wife a sum of $858.62, and resume the monthly payments as set forth in the trial court's January 9, 2019 order.

Husband also filed a petition for contempt and enforcement of the MSA. In his petition, Husband claimed that he did not violate the MSA because the Loan was paid in full. Specifically, Husband alleged that the parties obtained mortgages secured by the marital residence to repay the Loan and, as such, Wife collected payments for a debt that had already been satisfied. Lastly, Husband alleged that Wife violated paragraph 26 of the MSA because, after the sale of the marital residence, she failed to pay him $20,000.00 as required.

The trial court held a hearing on the petitions on August 6, 2019. At the hearing, Husband, Wife, and Hendricks testified. During Wife's testimony, she explained the circumstances under which the parties executed the Loan. N.T. Hearing, 8/6/19, at 9-26. In addition, she testified that, since April 2019, Husband failed to make the monthly and arrearage payments as required by the trial court's January 9, 2019 order. Id. Next, Hendricks testified and asserted that, contrary to Husband's claims, the Loan was not satisfied. Id. at 29. Lastly, Husband testified and claimed that the Loan was already paid in full because after the parties borrowed funds from Hendricks, they executed

- 4 -

various mortgages on the marital property "to pay off the underlying [Loan]."

Id. at 44.

Following Husband's assertion, the trial court stated:

We have an indispensable party here and I have no jurisdiction to hear this matter because there is an indispensable party. And that indispensable party is Mrs. [] Hendricks. She has something at stake in these proceedings. I don't think the [p]etition for [c]ontempt -- I don't think you can join her to a divorce action, for one thing. This has to be done by, I don't know who is going to start it, but there should be a [d]eclaratory [j]udgment [a]ction commenced by somebody, either [Wife] or [Husband], informing the [trial c]ourt that there is a dispute, what the dispute is and asking the [c]ourt to resolve it. But Mrs. Hendricks . . . has to be part of that proceeding.

Id. at 48. The trial court then entered an order dismissing the action. Trial Court Order, 8/7/16, at 1. This timely appeal followed.[1]

Wife raises the following issue on appeal:

[Whether the trial court erred in concluding, sua sponte, that it lacked subject matter jurisdiction over Wife's petition due to her failure to join an indispensable party and, in turn, dismissing the action?]

See generally Appellant's Brief at 4.

"The failure to join an indispensable party is a non-waivable defect that implicates the trial court's subject matter jurisdiction." N. Forests II, Inc. v. Keta Realty Co., 130 A.3d 19, 28–29 (Pa. Super. 2015) (citation omitted).

_____

[1] Wife filed a notice of appeal on August 23, 2019. On August 28, 2019, the trial court filed an order directing Wife to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b)(1). Wife timely complied. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on October 9, 2019.

"Failure to join an indispensable party goes absolutely to the court's jurisdiction and the issue should be raised sua sponte." Orman v. Mortg. I.T., 118 A.3d 403, 406 (Pa. Super. 2015) (citation omitted). "Whether a court has subject matter jurisdiction presents a question of law, making our standard of review de novo and the scope of our review plenary." Id. at 407.

With regard to whether a party is an indispensable party, this Court previously explained the following:

> [A] party is indispensable when his or her rights are so connected with the claims of the litigants that no decree can be made without impairing those rights. If no redress is sought against a party, and its rights would not be prejudiced by any decision in the case, it is not indispensable with respect to the litigation. We have consistently held that a trial court must weigh the following considerations in determining if a party is indispensable to a particular litigation.
>
> > 1. Do absent parties have a right or an interest related to the claim?
> >
> > 2. If so, what is the nature of that right or interest?
> >
> > 3. Is that right or interest essential to the merits of the issue?
> >
> > 4. Can justice be afforded without violating the due process rights of absent parties?
>
> In determining whether a party is indispensable, the basic inquiry remains whether justice can be done in the absence of a third party.
>
> In undertaking this inquiry, the nature of the claim and the relief sought must be considered.

Hendricks v. Hendricks, 175 A.3d 323, 328–329 (Pa. Super. 2017) (internal citations omitted).

Upon review, we conclude that the trial court correctly determined that Hendricks was an indispensable party. As stated above, Wife filed a petition for contempt claiming that Husband violated the trial court's January 9, 2019 order and the MSA because he failed to make the monthly installment and arrearage payments to Wife to satisfy the Loan. Husband, however, contended that his obligation no longer existed because the Loan was already paid in full. Thus, to determine whether Husband did, in fact, violate the trial court's previous order and the MSA, the trial court needed to decide whether the Loan was satisfied. No matter the trial court's final determination—whether it held that the Loan was or was not paid in full – it had "to resolve an issue important to [] Hendricks." Trial Court Opinion, 10/8/19, at *2 (un-paginated). Accordingly, we agree with the trial court that Hendricks was an indispensable party.[2]

The trial court, however, dismissed the action because it concluded that the parties were required to bring a declaratory judgement action and "inform[] the [trial c]ourt that there is a dispute, what the dispute is and ask[] the [c]ourt to resolve it." N.T. Hearing, 8/6/19, at 48. This was unnecessary

_____

[2] It is evident from our analysis that the payment status of the Loan was related and essential to resolution of the claims raised by Husband and Wife. We also conclude that the instant litigation raised due process concerns for Hendricks. If Husband were to prove an overpayment on the Loan, Hendricks may be subject to a claim seeking disgorgement of any sums that exceeded Husband's obligations under the MSA. See Hubert v. Greenwald, 743 A.2d 977, 980 (Pa. Super. 1999) (explaining that potential liability renders a party indispensable). Moreover, Hendricks' participation as a witness at the August 6, 2019 hearing would not be sufficient to protect, preserve, and vindicate any legal interest she may have in the resolution of the parties' claims.

because "our Rules, in the Divorce section, provide a mechanism for the courts to direct that such indispensable parties be added." Van Buskirk v. Van Buskirk, 590 A.2d 4, 7 (Pa. 1991). Indeed, pursuant to Pa.R.C.P. 1920.34, "[a]t any state of an action, the court may order the joinder of any additional person who could . . . be[] joined in the action and may stay the proceedings in whole or in part until such person [is] joined." Pa.R.C.P. 1920.34. Thus, the trial court erred in dismissing the parties' cross-petitions. Instead, the trial court should have simply ordered the litigants to join Hendricks as a party. Accordingly, we vacate the trial court's dismissal and remand with instructions to direct the parties to effectuate Hendricks' joinder as a party pursuant to Pa.R.C.P. 1920.34.

Conclusion as to indispensable party affirmed. Dismissal of action vacated. Case remanded with instructions.[3] Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/30/2020

_____

[3] The Prothonotary of this Court is hereby ordered to return the record to the trial court.