J-S43002-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| STEVEN JOHNSON | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LSF9 MASTER PARTICIPATION | : | |
| TRUST | : | |
| | : | No. 1014 EDA 2022 |
| Appellant | | |

Appeal from the Order Entered March 15, 2022
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): 211000062

BEFORE:  DUBOW, J., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY DUBOW, J.:                    **FILED JANUARY 11, 2023**

Appellant, LSF9 Master Participation Trust ("Appellant LSF9 Trust"), appeals from the March 15, 2022 order entered in the Philadelphia County Court of Common Pleas denying its Petition to Open or Strike Default Judgment. After careful review of this matter rife with errors pertaining to party names, service of process, notice, jurisdiction, and standing, we reverse and remand for further proceedings.

The relevant facts and procedural history are as follows. Appellee, Steven Johnson, owns and resides at 1806 72nd Avenue in Philadelphia. On June 12, 2021, Appellee filed a Mechanic's Lien claim against Appellant LSF9 Trust, the owner of 1804 72nd Avenue (the "Property"), the property next door to Appellee's property. Appellee claimed that he had performed, as a

contractor, work on the Property "to secure and maintain the neighborhood standards of this property as a neighbor in direct proximity."[1]

On October 4, 2021, Appellee *pro se* filed a Complaint in Quiet Title (Fraudulent Conveyance) naming in the case caption "LSF9" as the defendant. It is undisputed that at the time, however, Appellant LSF9 Trust, and not "LSF9," was the owner of the Property.[2] The body of the complaint and the attached exhibits, which included Appellees' previously filed mechanic's lien claim and invoice of expenses, referenced "LSF9 Master Participation" and "LSF9 Masters Participation" as the defendant and owner of the Property. Neither of those entities owned the Property.

On October 8, 2021, Appellee filed a Return of Service/Affidavit purporting to have served a copy of the complaint two days earlier on "LSF9" by certified mail. The Return of Service/Affidavit stated that Appellee served "LSF9, LLC" by "handing a copy to the Defendant . . . LSF9 on the 6th day of October, at 2 pm, at certified mail[.]"[3] Appellee attached a U.S. Postal Service

_____

[1] Mechanic's Lien Claim, 6/12/21. Appellee claimed $11,150 for "Maintenance and Improvements of Property (Lawn, Rodents & Pest, Debris, Nuisance)." *Id.* at Invoice. There is nothing in the record indicating that Appellee performed this work at Appellant LSF9 Trust's request or pursuant to a contract with Appellant LSF9 Trust. Rather, Appellant LSF9 Trust asserts that Appellee "trespassed upon and entered into the Property" to perform the work outlined in the Invoice. Petition to Strike and/or Open Default Judgment, 2/11/22, at ¶ 5.

[2] It is also undisputed that Appellee did not possess or otherwise occupy the Property.

[3] Return of Service/Affidavit, 10/8/21.

Certified Mail Receipt indicating that he mailed the complaint to "LSF9, LLC" at 13801 Wireless Way, Oklahoma City, OK 73134. Appellee did not attach to the Return of Service/Affidavit any receipt signed for by "LSF9" or "LSF9, LLC" or any other indication that the mailing had been received or refused by the addressee.

On November 12, 2021, Appellee *pro se* filed a Motion for Entry of Judgment of Default against "LSF9, LLC." In the two-paragraph motion, Appellee asserted that "[a]fter 20 plus days defendants have not responded to complaint. Therefore, I'm requesting a Default Judgment. Plaintiff would like to enter as an attachment for above listed case as Exhibit A under rule 237.5 to support Default Judgement [*sic*] Motion."[4] Appellee attached a Certification of Service to the motion which left blank the spaces provided to indicate to whom Appellee had served.[5] Appellee did not file a brief or memorandum in support of his motion.

On January 12, 2022, the trial court held a hearing on Appellee's motion for entry of default judgment. Only Appellee attended the hearing. Following

---

[4] Motion, 11/12/21. Appellee's "Exhibit A" consisted of a Pa.R.C.P. 237.5 Notice of *Praecipe* to Enter Judgment of Default, providing a defendant with ten-days' notice of a plaintiff's intent to take a default judgment, dated November 1, 2021, and addressed to "LSF9, LLC." Appellee did not provide proof that he actually served any party with the ten-day notice.

[5] Appellee used a Certification of Service form onto which he had filled in his name and the purported date of service of the motion. Appellee did not complete any of the spaces provided for the names and addresses of the parties that received service of the motion, leaving this Court to conclude that Appellee did not serve the motion on anyone at all.

the hearing, the trial court entered an order granting Appellee's motion for entry of default judgment against "Defendant, LSF9 LLC."[6]

On January 25, 2022, Appellee *pro se* filed a Motion to Amend Court Order. In the motion, Appellee requested that the trial court amend the January 12, 2022 order granting the motion for entry of default judgment to include language ordering that title to the Property "is quieted and the deed for the Premises 1804 72nd Ave., Phila. PA is hereby stricken" and directing the recorder of deeds to "record the deed to the Property in [Appellee]."[7] The form Certificate of Service Appellee attached to the motion to amend indicated that Appellee served the motion on "LSF9 LLC." Appellee did not file a brief or memorandum of law in support of the motion.

The next day, on January 26, 2022, the trial court granted Appellee's motion to amend and entered an order amending its prior order to include, verbatim, the language Appellee had requested in the motion.[8]

On February 11, 2022, Appellant LSF9 Trust filed a Petition to Strike and/or Open Default Judgment. In seeking to strike the judgment, Appellant LSF9 Trust highlighted numerous fatal defects apparent on the face of the record including: (1) the entity named as the defendant in the complaint, "LSF9, LLC," does not exist; (2) Appellant LSF9 Trust, and no other entity, is

---

[6] Order, 1/12/22.

[7] Motion to Amend, 1/25/22, at Proposed Amended Order.

[8] The court clerk entered this order on the docket on January 27, 2022.

the owner of the Property;(3) Appellee did not name Appellant LSF9 Trust, the owner of the Property, as a party; (4) Appellee did not provide proper notice or service of any of the pleadings filed in the case; (5) because Appellee did not properly serve Appellant LSF9 Trust with the complaint, the court lacked personal jurisdiction over Appellant LSF9 Trust, rendering the judgment void *ab initio*; (6) the trial court lacked subject matter jurisdiction because Appellee failed to join Appellant LSF9 Trust, who, as owner of the Property, is an indispensable party; (7) Appellee improperly brought this action as one to quiet title instead of ejectment; and (8) Appellee failed to file memoranda of law in support of his motion for entry of default judgment and motion to amend in contravention of the Philadelphia County Rules of Civil Procedure.

In seeking to open the judgment, Appellant LSF9 Trust averred that it filed the petition to open timely, it can demonstrate a meritorious defense, and its failure to appear—due to its lack of notice—is excusable.

On March 2, 2022, Appellee retained counsel, who filed an appearance on Appellee's behalf and requested an extension of time to file a response to Appellant LFS9 Trust's petition to open or strike.

On March 16, 2022, without ruling on Appellee's motion for an extension of time, the trial court denied Appellant LSF9 Trust's petition to open or strike "pending Petitioner's proper filing to amend the caption to include "LSF9

Master Participation Trust" as a party within ten (10) days of the date of this [o]rder."[9, 10]

That same day, Appellee filed a counselled *Praecipe* to Amend the Caption and Complaint, requesting that the court substitute an attached amended complaint reflecting a caption naming "LSF9 Master Participation Trust" as defendant.

On April 8, 2022, Appellant LSF9 Trust filed a timely notice of appeal from the court's order denying its petition to open or strike the default judgment. Both Appellant LSF9 Trust and the trial court complied with Pa.R.A.P. 1925. Notably, although the trial court did not directly address the allegations of error asserted by Appellant LSF9 Trust, in its Rule 1925(a) Opinion, the court acknowledged that it entered the order denying the petition to open or strike "in error" and that it "should have [] granted" Appellant LSF9 Trust's petition to open or strike.[11] The trial court requested that this Court remand this matter to the trial court.

We agree with the trial court that it erred and should have granted Appellant LSF9 Trust's petition to strike. First among the numerous defects on the face of the record noted above is Appellee's failure to name Appellant

---

[9] Order, 3/16/22.

[10] On March 31, 2022, Appellee filed an Answer to Appellant LSF9 Trust's petition to open or strike judgment.

[11] Trial Ct. Op., 8/22/22, at 1 (unpaginated).

LSF9 Trust as a defendant, who, as the owner of the Property, is an indispensable party.[12] ***See N. Forests II, Inc. v. Keta Realty Co.***, 130 A.3d 19, 28-29 (Pa. Super. 2015) ("The failure to join an indispensable party is a non-waivable defect that implicates the trial court's subject matter jurisdiction.").  Because Appellee failed to name Appellant LSF9 Trust as a defendant, the trial court lacked jurisdiction to enter judgment against Appellant LSF9 Trust.  ***See Orman v. Mortgage I.T.***, 118 A.3d 403, 407-08 (Pa. Super. 2015) (explaining that where a plaintiff fails to join an indispensable party, the trial court lacks subject matter jurisdiction to enter judgment in favor or against any party).

That error is dispositive.[13]  Accordingly, we reverse the trial court's order denying Appellant LSF9 Trust's petition to open or strike the default judgment.

Order reversed.  Case remanded.  Jurisdiction relinquished.

---

[12] An indispensable party is one whose "rights are so connected with the claims of the litigants that no decree can be made without impairing those rights." ***Hendricks v. Hendricks***, 175 A.3d 323, 328-29 (Pa. Super. 2017).  "[I]n a quiet title action, all parties who claimed title to the property at issue must be joined as indispensable parties."  ***Orman v. Mortgage I.T.***, 118 A.3d 403, 407 (Pa. Super. 2015).

[13] We leave the review and potential correction of the other errors that occurred before and after the filing of the complaint to the trial court and parties on remand.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>1/11/2023</u>