508 A.2d 1277

Isaiah Summers *v.* Transport Workers' Union of Philadelphia, Local 234 and Transport Workers' Union of America, AFL-CIO and Southeastern Pennsylvania Transportation Authority. Southeastern Pennsylvania Transportation Authority, Appellant.

Isaiah Summers *v.* Transport Workers' Union of Philadelphia, Local 234 and Transport Workers' Union of America, AFL-CIO and Southeastern Pennsylvania Transportation Authority. Transport Workers' Union of Philadelphia, Local 234 and Transport Workers' Union of America, AFL-CIO, Appellants.

Argued April 8, 1986, before Judges CRAIG, DOYLE, and COLINS, sitting as a panel of three.

*Gail Lopez-Henriquez, Freedman and Lorry, P.C.* for appellants/appellees, Transport Workers' Union of Philadelphia, Local 234 and Transport Workers' Union of America, AFL-CIO.

*Margery Sickles Preddy,* with her, *Joseph F. Keener, Jr.,* and *G. Roger Bowers,* for appellant/appellee, Southeastern Pennsylvania Transportation Authority.

*Bruce S. Luckman,* with him, *Neil A. Morris* and *Michael S. Gressen,* Of Counsel: *Sidkoff, Pincus & Green, P.C.,* for appellee, Isaiah Summers.

OPINION BY JUDGE CRAIG, May 2, 1986:

The Transport Workers' Union of Philadelphia, Local 234, and Transport Workers' Union of America, AFL-CIO (union), and Southeastern Pennsylvania

Transportation Authority (SEPTA) appeal from an order of the Court of Common Pleas of Philadelphia County which (1) "denied" the preliminary objections of the union and SEPTA to public employee Isaiah Summers' complaint against them, (2) ordered the union and SEPTA to proceed directly to arbitration to address the employee's allegation of wrongful discharge, and (3) directed SEPTA to answer the employee's complaint against it. Also before us is the employee's motion to quash this appeal as being interlocutory in nature.

The employee had worked for SEPTA as a cashier since 1959. SEPTA discharged the employee on June 6, 1983, for being under the influence of alcohol or drugs while on duty and for a substandard record overall. The employee contested his discharge through the grievance procedure of the collective bargaining agreement between SEPTA and the union, but he failed to obtain reinstatement through the initial three-step procedure.

The employee then requested that the union pursue the fourth and final step of the grievance procedure and file for independent arbitration on the employee's behalf. The union assented to the employee's request and filed for arbitration in August of 1983. The collective bargaining agreement states that "[d]ischarge arbitrations shall be conducted within fourteen calendar days of the receipt of the Demand for Arbitration by the American Arbitration Association." However, the union administration reorganized after an election in October, 1983, and the new union administration withdrew the employee's grievance demand on July 24, 1984.

On December 14, 1984, the employee filed his complaint in the court of common pleas, alleging that SEPTA had discharged him in violation of the collective bargaining agreement and that the union had breached its duty of fair representation of him.[1] The employee re-

---

[1] The employee withdrew his claim under 42 U.S.C. §1983.

quested that the court order the parties to go to arbitration or reinstate him and award him compensatory and punitive damages, including back pay.

The union and SEPTA filed preliminary objections challenging the complaint. After issuing its order, the court denied subsequent motions for partial reconsideration and clarification. The court did not reply to the request for clarification as to whether the order was final, nor did the trial court reply to the request for certification for appeal by allowance under 42 Pa. C. S. §702(b).

### Motion to Quash

The employee argues that the appeal of the trial court's overruling of the preliminary objections is premature because the order is not final. The employee asserts that the order does not effectively put the litigant "out of court," nor does it preclude any party from presenting the merits of the claim to the trial court. *TCR Realty, Inc. v. Cox,* 472 Pa. 331, 372 A.2d 721 (1977).

All parties in this case and the trial court acknowledged that the controlling law applicable here is the Supreme Court's decision in *Martino v. Transport Workers' Union of Philadelphia, Local 234,* 505 Pa. 391, 480 A.2d 242 (1984). In *Martino,* a discharged public employee sued both his union and his employer, SEPTA, on the same grounds as this case. The employee alleged that SEPTA discharged him in violation of the collective bargaining agreement and that the union had breached its duty of fair representation in failing to submit his discharge grievance to arbitration. The court held that an employee's relief under section 903 of the Public Employe Relations Act[2] "is limited to an order from the chancellor compelling arbitration of the under-

---

[2] Act of July 23, 1970, P.L. 563, *as amended,* 43 P.S. §1101.903.

lying grievance," *Martino* at 397, 480 A.2d at 245. The trial court here, in overruling the preliminary objections and ordering the union and SEPTA to arbitration on the underlying discharge grievance, effectively precluded the union from litigating the only issue which the court had the power to decide — whether the union had breached its duty of fair representation.

In *Board of Education v. Philadelphia Federation of Teachers*, 464 Pa. 92, 346 A.2d 35 (1975), the Supreme Court addressed a similar motion to quash an appeal from an order sustaining preliminary objections which directed the parties to arbitration without dismissing the case. The court, in determining that the order was final, stated that "the only purpose of retaining the action on the docket was to facilitate review and enforcement of whatever the arbitrator might issue, a matter not within the scope of the original action .... [effectively] to put him out of court on the cause of action ...." *Id.* at 95-96, fn. 2, 346 A.2d at 37, fn. 2 (citations omitted).

The employee here argues that, because SEPTA and the union will return to litigate the issue of back pay apportionment if the employee is successful in arbitration, the parties are not effectively "out of court." However, the court, in *Martino,* specifically held that "[t]he only matter *before the arbitrator* would be to determine whether or not the complainant was wrongfully discharged and to *apportion damages for back pay ....*" *Id.* at 410, 480 A.2d at 252 (emphasis added). Hence, because a back pay apportionment issue would be for the arbitrator and not the court, we must dismiss the employee's motion to quash. The trial court's order directing the parties to arbitration effectively puts them "out of court" and is therefore an appealable final order.

### Merits of the Appeal

In addition to requesting the court to order SEPTA and the union to arbitration nunc pro tunc on the dis-

charge grievance, premised on the union's breach of duty, the employee sought reinstatement and an award for punitive and compensatory damages. In their preliminary objections, SEPTA and the union moved to strike the pleadings requesting relief by way of reinstatement and compensatory and punitive damages under Pa. R.C.P. No. 1017(b)(2). Although the trial court stated in its order that "paragraph (d) of Plaintiff's Complaint requesting damages is stricken," it nonetheless ruled that it was denying the preliminary objections. Because the ruling on preliminary objections actually sustained the preliminary objections to the extent of requesting that the employee's request for damages be stricken, neither SEPTA nor the union is appealing that portion of the order.

The issue is whether the trial court erred in ordering the parties to arbitration solely pursuant to a ruling on preliminary objections, without permitting them to litigate the factual issue of whether the union breached its duty of fair representation. To support the view that the trial court erred, the union and SEPTA refer to the court's holding in *Martino*:

> In conclusion, we hold today that *before a court in equity may entertain a complaint seeking to order arbitration, the complainant must prove that the union acted in bad faith towards its member.* Once it has been determined that the union breached its duty of fair representation, the Court of Common Pleas sitting in equity may order the completion of the arbitration procedure and, in cases governed by state labor law its power is limited to that remedy.

*Id.* at 409-410, 480 A.2d at 252 (emphasis added).

Both SEPTA and the union assert that the employee never *proved* that the union acted in bad faith toward him. The employee's brief asserts the novel contention

that the ruling on preliminary objections somehow obviates the need for an evidentiary hearing.

However, in its answer[3] to the employee's complaint, the union pleaded that it was "acting in good faith and after lengthy consideration exercised its discretion not to proceed to arbitration .... It is further denied that the union breached its fiduciary duty owed to plaintiff." Because the union explicitly denied that it had breached its duty, the employee's argument that "the lower court's record contained all of the requisite facts necessary to make a determination that the case should be ordered to arbitration" must fail.

Although the employee places much emphasis on the collective bargaining agreement provision requiring an arbitration hearing within fourteen days of the union's demand for arbitration, the union asserts that it had reasons for exercising its discretion in later withdrawing the employee's grievance from arbitration. Even though the union may have a difficult task in justifying its nearly one-year delay in withdrawing the grievance, in view of the fourteen-day requirement in the collective bargaining agreement, the union nonetheless has the right to present testimony and evidence to a factfinder in support of its position that it did not breach its duty of fair representation. The record lacks any testimony, affidavits or evidence whatsoever to support a finding that the union breached its duty. There was no proper factual determination, and the necessary foundation for a judgment on the pleadings was absent.

The *Martino* court stated that "the employer approaches the status of an indispensable party to the litigation in the sense that the dispute cannot be finally resolved with equity and good conscience without his

---

[3] Although this court is reviewing the trial court's ruling on preliminary objections, the record indicates that the union filed an answer to the complaint in addition to filing preliminary objections.

participation." *Id.* at 397, 480 A.2d at 245. SEPTA's role in this case, therefore, is that of an indispensable party in equity.

Accordingly, we must remand this case to the court of common pleas to allow litigation on the essential issue of the alleged breach of duty of fair representation.

Judge COLINS dissents.

### ORDER

Now, May 2, 1986, the order of the Court of Common Pleas of Philadelphia County, No. 2572, December Term, 1984, dated June 13, 1985, is vacated to the extent the order directed the union and SEPTA to proceed to arbitration, and is remanded to the trial court for consideration of whether the union breached its duty of fair representation.

Jurisdiction relinquished.