# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gino Frank,                   :
            Appellant      :
                        :
          v.             :   No. 532 C.D. 2023
                        :   Submitted: June 6, 2024
                        :
Mechanicsburg Education Association   :
and Mechanicsburg Area School      :
District                    :

BEFORE:   HONORABLE CHRISTINE FIZZANO CANNON, Judge
              HONORABLE LORI A. DUMAS, Judge
              HONORABLE STACY WALLACE, Judge

## *OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE DUMAS**                            **FILED: July 11, 2024**

Gino Frank appeals from the order entered in the Cumberland County Court of Common Pleas (trial court) that sustained the preliminary objection filed by the Mechanicsburg Education Association (Union) and dismissed Frank's complaint with prejudice. Frank asserts that his complaint was sufficiently well-pleaded to proceed to discovery, during which he would have uncovered additional evidence. We vacate the order below and remand with instructions.

## I. BACKGROUND[1]

The Mechanicsburg Area School District (District) employs Frank as a

---

[1] In resolving preliminary objections, we "must accept as true all well-pleaded material allegations in the [complaint], as well as all inferences reasonably deduced therefrom." *Freemore v. Dep't of Corr.*, 231 A.3d 33, 37 (Pa. Cmwlth. 2020) (*per curiam*) (citation omitted). We may reject "conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion." *Id.* (citation omitted).

teacher. The Union, in turn, is a union that represents the District's teachers. Frank is not a member of the Union.

In 2021, Frank "raised his voice to a group of rowdy students," which triggered a District disciplinary hearing. Am. Compl., 7/7/22, ¶¶ 11-12. Frank retained private counsel but the District notified Frank's counsel that under the collective bargaining agreement (CBA) between the District and the Union, only the Union could represent Frank. *Id.* ¶ 14. As a result, the Union represented Frank at the disciplinary meeting, which nonetheless resulted in the District's formal reprimand. *Id.* ¶ 19.

Dissatisfied with the District's reprimand, Frank filed a grievance against the District seeking, *inter alia*, removal of the reprimand. *Id.* ¶ 22. A grievance meeting before the Mechanicsburg Area School District Board of School Directors (School Board) was scheduled for August, at which the Union representative was present. Per Frank, the representative "did the bare minimum . . . instead of pursuing" his best interests. *Id.* ¶ 25. The School Board found in favor of the District, and Frank appealed. *Id.* ¶ 27.[2] For the appeal, Frank requested Union representation, which the Union denied.

In May 2022, Frank sued the Union, contending the Union failed to represent him in good faith.[3] The Union filed preliminary objections, which alleged that Frank failed to join the District as an indispensable party. Prelim Objs., 6/17/22, ¶¶ 24-26.

In apparent response, Frank filed a praecipe for writ of joinder and an

---

[2] Although Frank construes the filing as an appeal, the Union contends that Frank requested that the Union "move the grievance to arbitration" under the CBA. Union's Br. at 4.

[3] The record reflects a sheriff's return of service for the original complaint against the Union. Sheriff's Return of Serv., 6/9/22.

amended complaint naming the District as an additional defendant.[4]  In relevant part, Frank's amended complaint reiterated that the Union failed to represent Frank in good faith.  The amended complaint further alleged that the Union and the District conspired to deprive Frank of Union representation and the Union violated the CBA.  Am. Compl., 7/8/22, ¶¶ 38-40.  Frank requested monetary damages, as well as "any other equitable or legal remedies" the court deemed appropriate.  *Id.* at 5 (*ad damnum* clause).

The Union again filed preliminary objections, in the nature of a demurrer, to Frank's amended complaint.  The Union served its preliminary objections on both Frank and the District's counsel.  The District did not file preliminary objections.  Frank filed a response in opposition to the Union's preliminary objections, again serving counsel for both Union and the District.  Following argument, the trial court sustained the Union's preliminary objection and dismissed Frank's amended complaint with prejudice.  Order, 4/18/23 (serving, *inter alia*, the District).  Frank timely appealed.[5]

## II. ISSUES

On appeal, Frank contends that the trial court erred by not giving him time to pursue discovery prior to dismissing his amended complaint.  Frank's Br. at 2.

---

[4] The record appears to include a proof of service—but not original service of process—of the amended complaint on the District on July 8, 2022.  The Union, however, as discussed below, argues that Frank never served the amended complaint via original service of process.  Union's Br. at 10 n.3.  Further, per the Union, the record does not reflect any "acceptance of service or return of service," let alone any pleading by the District.  *Id.*

[5] On May 16, 2023, the trial court ordered Frank to file a Pa.R.A.P. 1925(b) statement by June 6, 2023.  The record does not reflect a United States Postal Service Form 3817 reflecting date of deposit.  The docket reflects an entry for a June 6, 2023 proof of service of the Rule 1925(b) statement.  The record, however, reflects a Rule 1925(b) statement date-stamped on June 9, 2023.  The trial court filed a responsive opinion.

3

## III. DISCUSSION[6]

In support, Frank argues the amended complaint sufficiently pleaded a conspiracy claim. *Id.* at 6-8. Frank recaps the allegations in his amended complaint, which in his view, properly alleged that the Union and the District conspired to deprive him of his right to Union representation. *Id.* at 8. He alleges that the Union acted in bad faith by denying his requests for representation. *Id.* Frank also claims that he should have been given the opportunity to pursue discovery to further substantiate his conspiracy allegation. *Id.* at 8-9.[7]

An appellate court may *sua sponte* consider a trial court's subject matter jurisdiction. *Mazur v. Trinity Area Sch. Dist.*, 961 A.2d 96, 101 (Pa. 2008). For example, a failure to join an indispensable party implicates the trial court's jurisdiction. *Orman v. Mortgage I.T.*, 118 A.3d 403, 406 (Pa. Super. 2015).

For example, when an employee sues a union "for alleged breach of its duty of fair representation," "the employer approaches the status of an indispensable party to the litigation in the sense that the dispute cannot be finally resolved with equity and good conscience without [the employer's] participation." *Martino v. Transp. Workers' Union of Phila., Local 234*, 480 A.2d 242, 245 (Pa. 1984); *Summers v. Transp. Workers' Union of Phila., Local 234*, 508 A.2d 1277, 1280 (Pa. Cmwlth.

---

[6] "Our standard of review in this appeal arising from an order sustaining preliminary objections in the nature of a demurrer is *de novo*, and our scope of review is plenary. A demurrer is a preliminary objection to the legal sufficiency of a pleading and raises questions of law. We sustain a demurrer only when the law undoubtedly precludes recovery; if doubt exists, we should overrule the demurrer. When ruling on a demurrer, a court must confine its analysis to the complaint. Thus, the court may determine only whether, on the basis of the plaintiff's allegations, he or she possesses a cause of action recognized at law." *RT Partners, LP v. Allegheny Cnty. Off. of Prop. Assessment*, 307 A.3d 801, 805 n.6 (Pa. Cmwlth. 2023) (cleaned up).

[7] The Union counters that the District "is an indispensable party in this case" and the record never established that Frank served the District. Union's Br. at 10 n.3. Thus, the Union suggests this "Court should dismiss the appeal for lack of subject matter jurisdiction" because Frank never served his amended complaint on the District. *Id.* The District did not file an appellate brief.

4

1986) (holding that the employer was an indispensable party in case in which employee alleged, *inter alia*, that the union breached its duty of fair representation).[8] "Whenever it appears . . . that there has been a failure to join an indispensable party, the court shall order . . . that the indispensable party be joined, but if that is not possible, then it shall dismiss the action." Pa.R.Civ.P. 1032(b). *Cf. Gaynor v. Gyuris*, 707 A.2d 534, 535 (Pa. Super. 1998) (noting that because the statute of limitations had expired, the trial court "lacked jurisdiction to order" joinder of an indispensable party and therefore dismissed the complaint with prejudice).

An indispensable "party cannot be made an additional defendant in a case unless the appropriate form of original process is served upon such party." *Mayer v. Garman*, 912 A.2d 762, 765 (Pa. 2006) (citations omitted). "Service of process is a mechanism by which a court obtains jurisdiction of a defendant, and therefore, the rules concerning service of process must be strictly followed. Thus, improper service is not merely a procedural defect that can be ignored." *Id.* at 766 (cleaned up). Outside of Philadelphia, and for non-domestic relations cases, "original process shall be served within the Commonwealth only by the sheriff." Pa.R.Civ.P. 400.

Instantly, Frank sued Union, alleging that it breached its duty of fair representation. The District is an indispensable party to this suit. *See Martino*, 480 A.2d at 245. Frank did not serve the District via original process. *See* Pa.R.Civ.P. 400. *Cf.* Sheriff's Return of Serv., 6/9/22 (reflecting service of original process on the Union). Without the District as a properly joined party, the trial court lacked subject matter jurisdiction. *See Orman*, 118 A.3d at 406. Because the trial court

---

[8] *Accord Salem v. Am. Fed of State, Cnty. & Mun. Emps. Council 90* (Pa. Cmwlth., No. 478 M.D. 2017, filed Mar. 25, 2021) (*per curiam*), slip op. at 2 n.2., 2021 WL 1140268, *1 n.2. We may cite to unreported or Superior Court opinions for their persuasive value. See Pa.R.A.P 126(b)(1); 210 Pa. Code §§ 65.37, 69.414(a).

lacked subject matter jurisdiction, we must vacate the order appealed from and remand with instructions. *See* Pa.R.Civ.P. 1032(b).

## IV. CONCLUSION

For these reasons, we vacate the trial court's April 18, 2023 order and remand with instructions to the trial court to order Frank to join the District in accordance with the applicable Rules of Civil Procedure. If the trial court determines that it is not possible to join the District, then we instruct the trial court to dismiss the action. *See id.*; *Gaynor*, 707 A.2d at 535. Nothing within our decision prevents the District from raising any applicable defenses it may have.[9]

_____

**LORI A. DUMAS, Judge**

---

[9] Because of our disposition, we need not resolve whether Frank timely filed his court-ordered Pa.R.A.P. 1925(b) statement.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gino Frank,                                          :
          Appellant                               :
                           :
         v.                                               :   No. 532 C.D. 2023
                           :
Mechanicsburg Education Association   :
and Mechanicsburg Area School            :
District                                             :

## O R D E R

AND NOW, this 11th day of July, 2024, we VACATE the April 18, 2023 order entered by the Cumberland County Court of Common Pleas (trial court), and REMAND with instructions to the trial court to order Gino Frank to join the Mechanicsburg Area School District (District) in accordance with the applicable Rules of Civil Procedure.  If the trial court determines that it is not possible to join the District, then the trial court must dismiss the action.  Nothing within this order prevents the District from raising any applicable defenses.  Jurisdiction relinquished.

_____
**LORI A. DUMAS, Judge**